IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSEPH C. GARCIA,                   §
          PETITIONER,               §
                                    §
V.                                  §
                                    §          No.  3:06-CV-2185-M
RICK THALER, Director,              §
Texas Department of Criminal Justice §          (Death Penalty Case)
Correctional Institutions Division, §
          RESPONDENT.               §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner **Joseph C. Garcia** has filed an application for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  This cause of action was referred to the United States Magistrate Judge pursuant

to 28 U.S.C. § 636(b), implemented by automatic reference under Special Order 3-251.  The

Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**I.  PROCEDURAL BACKGROUND.**

Petitioner was convicted of capital murder and sentenced to death.  His conviction and

sentence were affirmed on direct appeal. *Garcia v. State*, No. AP-74,692, 2005 WL 395433 (Tex.

Crim. App. Feb. 16, 2005).  Petitioner filed an application for a post-conviction writ of habeas

corpus which was denied by the Texas Court of Criminal Appeals. *Ex parte Garcia*, Writ No.

64,582-01, 2006 WL 3308744 (Tex. Crim. App. Nov. 15, 2006).  Petitioner then filed a petition for

writ of habeas corpus in this court.  An agreed motion to stay and abate these proceedings was

granted and this case was administratively closed on December 4, 2007, so that additional claims

could be exhausted in the state courts.  (Order, doc. 17.)

Petitioner filed a subsequent state application for a post-conviction writ of habeas corpus which was denied under the state abuse-of-the-writ doctrine. *Ex parte Garcia*, No. WR-64,582-02, 2008 WL 650302 (Tex. Crim. App. 2008). These federal proceedings were then reopened on April 2, 2008, along with the filing of an amended petition. (Order, doc. 20.)

## II.  GROUNDS FOR RELIEF.

Petitioner presents seven grounds and several subgrounds for relief in three groups. The first group of claims are record claims that have been repeatedly denied in this Circuit. The second group consists of ineffective assistance of trial and appellate counsel claims, all but one of which are procedurally barred. The third group consists of ineffective assistance of state habeas counsel claims that are not cognizable on federal habeas review but are pleaded, at least in part, in an attempt to avoid the imposition of a procedural bar to ineffective-assistance-of-counsel claims in the second group. For the reasons set out below, all claims should be denied.

## III.  FACTUAL BACKGROUND.

The following factual background is taken from the opinion of the Texas Court of Criminal Appeals ("CCA").

> On December 13, 2000, seven inmates, including appellant, escaped from the Texas Department of Criminal Justice Connally Unit, taking with them a number of firearms stolen from the unit. On December 24th, the group committed a robbery at a sporting-goods store in Irving, killing Irving police officer Aubrey Hawkins as they fled. The escapees used the weapons they stole from the prison to commit the robbery and murder. The escapees then made their way to Colorado where they lived in an RV park until January 2001, when six were apprehended and one committed suicide.

*Garcia v. State*, 2005 WL 395433 at *1.

# IV.  STANDARD OF REVIEW.

Federal habeas review of these claims is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This statute sets forth a number of preliminary requirements that must be satisfied before reaching the merits of a claim made in a federal habeas proceeding.

## a. Exhaustion.

Under this statute, a federal court may not grant habeas relief on any claim that the state prisoner has not first exhausted in the State corrective process available to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(A); *Harrington v. Richter*, 562 U.S. ___, ____, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011).  However, the federal court may deny relief on the merits notwithstanding any failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005).

## b. State-Court Procedural Determinations.

If the state court denies the claim on state procedural grounds, a federal court will not reach the merits of those claims if it determines that the state-law grounds are independent of the federal claim and adequate to bar federal review. *See Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992); *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991).  However, if the state procedural determination is based on state grounds that were inadequate to bar federal habeas review, or if the habeas petitioner shows than an exception to the bar applies, the federal court must resolve the claim without the deference AEDPA otherwise requires. *See Miller v. Johnson*, 200 F.3d 274, 281 n.4 (5th Cir.2000) ("Review is de novo when there has been no clear adjudication on the merits." (citing *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir.1997))); *Mercadel v. Cain*, 179 F.3d 271, 274-275 (5th Cir.1999) ("the AEDPA deference

3

scheme outlined in 28 U.S.C. § 2254(d) does not apply" to claims not adjudicated on the merits by

the state court); *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (the AEDPA deferential

standard of review would not apply to a procedural decision of the state court).

### c. State-Court Merits Determinations.

If the state court denies the claim on the merits, a federal court may not grant relief unless

it first determines that the claim was unreasonably adjudicated by the state court, as defined in §

2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim——
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in the
>> State court proceeding.

*Id.* In the context of § 2254(d) analysis, "adjudicated on the merits" is a term of art referring to a

state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*,

116 F.3d 1115, 1121 (5th Cir. 1997). This provision does not authorize habeas relief, but restricts

this Court's power to grant relief to state prisoners by barring claims in federal court that were not

first unreasonably denied by the state courts. The AEDPA limits rather than expands the availability

of habeas relief. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007); *Williams v. Taylor*, 529 U.S. 362, 412

(2000). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state

court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Richter*, 562 U.S. at ____, 131

S.Ct. at 784. "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court

rulings, which demands that state-court rulings be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (internal citations omitted) (quoting *Richter*, 131 S.Ct. at 786, and *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (*per curiam*)).

Under the "contrary to" clause, a federal court is not prohibited from granting federal habeas relief if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. at 412-13; *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may also reach the merits of a claim on federal habeas review if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that the claims were adjudicated on the merits in state court. *See Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997).

Federal habeas relief is not available on a claim adjudicated on the merits by the state court unless the record before the state court first justifies a finding of unreasonableness under § 2254(d). "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Pinholster*, ___ U.S. at ___, 131 S.Ct.

at 1400.  The evidence required under § 2254(d)(2) must show that the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

### d.  Independent Merits Determination.

As stated above, § 2254(d) does not authorize federal habeas relief.  Therefore, relief is not available merely because this high standard is met.  In the event the state-court adjudication is deemed unreasonable, the federal court must still determine whether habeas relief would otherwise be appropriate.  "When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied.  A federal court must then resolve the claim without the deference AEDPA otherwise requires." *Panetti v. Quarterman*, 551 U.S. 930, 953-954, 127 S.Ct. 2842, 2858-2859 (2007).  Therefore, in those rare cases when a state prisoner makes the difficult showing required under § 2254(d), then the federal court must make its own independent determination of whether habeas relief is appropriate, and conduct whatever hearings and evidentiary development are necessary to properly make that determination. *See, e.g., Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010) ("when a petitioner makes a prima facie showing of mental retardation, a state court's failure to provide him with an opportunity to develop his claim deprives the state court decision of the deference ordinarily due under the AEDPA"); *Rivera v. Quarterman*, 505 F.3d 349, 358 (5th Cir.2007) ("where a petitioner has made a prima facie showing of retardation as Rivera did, the state court's failure to provide him with the opportunity to develop his claim deprives the state court's decision of the deference normally due"); *Hayes v. Thaler*, 361 Fed.Appx. 563, 566 (5th Cir. 2010) (applying *Panetti* standard in review of a *Batson* jury selection habeas claim).

## V.  RECORD CLAIMS.

Garcia first raises four claims derived entirely from the record available in the direct appeal that he admits are foreclosed by Circuit precedent, but which are made to preserve them for further review. (Am. Pet. at 25, 29, 34, & 38.)

First, Garcia claims that the mitigation special issue violates due process in that it failed to place the burden of proof on the State. (Am. Pet at 24-28.)  This claim has been repeatedly rejected in this Circuit.  *See Rowell v. Dretke*, 398 F.3d 370, 376-78 (5th Cir. 2005); *Granados v. Quarterman*, 455 F.3d 529, 536 (5th Cir. 2006); *Scheanette v. Quarterman*, 482 F.3d at 828.  The Sixth Amendment requirements set forth in *Apprendi* and *Ring* do not apply to mitigating factors. *See Ring*, 536 U.S. at 597 n.4; *Apprendi*, 530 U.S. at 490, n.16 (noting "the distinction the Court has often recognized between facts in aggravation of punishment and facts in mitigation" (internal citation omitted)).  Therefore, no violation of the Sixth Amendment is shown.  *See also Avila v. Quarterman*, 560 F.3d 299, 314-15 (5th Cir.), *cert. denied sub nom, Avila v. Thaler*, __ U.S. __, 130 S.Ct. 536 (2009) (recognizing precedent foreclosing petitioner's complaint of the lack of a jury finding of mitigating evidence beyond a reasonable doubt).

Second, Garcia claims that the instructions to the jury in his case violated due process because the terms used in the special issues are unconstitutionally vague. (Am. Pet. at 28-33.)  The United States Court of Appeals for the Fifth Circuit has consistently rejected similar complaints regarding the alleged vagueness of the same terms and also of similar terms. *See James v. Collins*, 987 F.2d 1116, 1120 (5th Cir.1993) (holding that the terms "deliberately," "probability," "criminal acts of violence," and "continuing threat to society" "have a common-sense core of meaning that criminal juries should be capable of understanding") (internal quotation omitted); *see also Hughes*

*v. Johnson*, 191 F.3d 607, 615 (5th Cir.1999); *Woods v. Johnson*, 75 F.3d 1017, 1033-34 (5th Cir.1996). This ground for habeas relief is also foreclosed.

Third, Garcia claims that the requirement that ten jurors agree in order to answer the mitigation special issue negatively violates his due process and jury trial guarantees. (Am. Pet. at 33-37.) He refers to this as the Texas "12/10 Rule." (Am. Pet. at 35, 36.) Garcia relies upon an extension of *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988) that has also been consistently rejected in this Circuit. *See Miller v. Johnson*, 200 F.3d 274, 288-89 (5th Cir. 2000) (quoting *Jacobs v. Scott*, 31 F.3d 1319, 1329 (5th Cir.1994)). This ground for habeas relief is also foreclosed.

Fourth, Garcia claims that the failure of the CCA to engage in a proportionality review violated his due process rights. (Am. Pet. at 38-40.) However, the Supreme Court has rejected a similar complaint against the Texas death penalty statute. *See Pulley v. Harris*, 465 U.S. 37, 50-51, 104 S.Ct. 871, 879, 79 L.Ed.2d 29, 40-41 (1984); *see also Tuilaepa v. California*, 512 U.S. 967, 974, 114 S.Ct. 2630, 2636, 129 L.Ed.2d 750, 761 (1994) (States may adopt capital sentencing processes that rely upon the jury to exercise wide discretion); *McCleskey v. Kemp*, 481 U.S. 279, 306, 107 S.Ct. 1756, 1775, 95 L.Ed.2d 262, 288 (1987) (petitioner not entitled to proportionality review of the death sentence). This Circuit has consistently held that the Constitution does not require a comparative proportionality review of a death sentence. *See Hughes v. Johnson*, 191 F.3d 607, 622-23 (5th Cir.1999) (upholding the Texas statute); *United States v. Webster*, 162 F.3d 308, 354 (5th Cir. 1998); *United States  v. Jones*, 132 F.3d 232, 240-41 (5th Cir. 1998).

Garcia's first four claims are all foreclosed by Circuit precedent and should be denied.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

Petitioner also claims that his trial and appellate counsel failed to provide the effective assistance guaranteed by the Sixth Amendment in multiple listed ways. (Am. Pet. at 40-115.) Petitioner complains that trial counsel failed to (1) object to the trial court's grant of the State's challenge to venireperson David Chmurzynski (Am. Pet. at 43-52), (2) object to the jury selection process in violation of Texas law which violated his Sixth Amendment rights (Am. Pet at 52-61), (3) object to the prosecutor's misstatements of law in closing argument that the verdict on guilt did not need to be unanimous (Am. Pet. at 61-66), (4) object to the State's mischaracterization of evidence and improper argument at closing (Am. Pet. at 66-68), (5) request an anti-parties charge at the punishment phase of trial (Am. Pet. at 68-71), (6) object to improper party conspiracy and inferred-intent instructions at the guilt/innocence phase (Am. Pet. at 71-77), and (7) investigate possible mitigation evidence (Am. Pet. at 77-83).  Petitioner also complains that his counsel on direct appeal failed to (1) raise the trial court's improper grant of the State's challenge to venireperson David Chmurzynski (Am. Pet. at 86-87), (2) allege that jury selection was conducted in violation of Texas statutes (Am. Pet. at 87-88), (3) properly brief issue regarding erroneous admission of extraneous offense evidence (Am. Pet. at 89-92), (4) raise points of error on jury instructions regarding intent at guilt/innocence phase of trial (Am. Pet. at 93-98), (5) raise as error the State's mischaracterization of evidence and improper argument at closing (Am. Pet. at 98-99), (6) raise the denial of a motion to suppress evidence obtained under invalid search and arrest warrants (Am. Pet. at 100-115).  All but one of these claims are procedurally barred, having been raised in a subsequent habeas petition that was dismissed under the Texas abuse-of-the-writ doctrine. The one reviewable claim--that trial counsel failed to object to improper party conspiracy and

inferred-intent instructions at the guilt/innocence phase--is without merit.

### a.  Exhaustion and Procedural Bar.

Only one of the claims of ineffective assistance of trial and appellate counsel presented in the amended petition before this court were presented in Garcia's original state habeas petition: that trial counsel failed to object to improper party conspiracy and inferred-intent instructions at the guilt phase of trial.[1] (Am. Pet. at 71-77; 1 SHR at 2-127.)  The remaining claims were presented in a subsequent state habeas action. *See Ex parte Garcia*, 2008 WL 650302, at *1.  However, the CCA found that the claims filed in this subsequent action did not comply with Article 11.071 § 5 of the Texas Code of Criminal Procedure, and dismissed the action as an abuse of the writ. *Id.*

### b.  Applicable Law.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992).  The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 261-62, 109 S.Ct. 1038, 1042-43, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992).  To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to

---

[1]Respondent mistakenly identifies the "one reviewable claim" considered by the CCA on the merits as the claim of ineffective assistance of counsel for failing to object to **the prosecutor's closing argument** that the jurors did not have to unanimously agree on the precise theory of capital murder. (Ans. at 48-50, citing claim 17 filed at 1 SHR 63, and among those resolved in SHF Nos. 158-61; 2 SHR 400-401) (emphasis added).  However, the claim identified in those state habeas findings related to a different claim: that trial counsel failed to object to **the court's instructions to the jury** regarding unanimity. (2 SHR at 274-275.)  In fact, the failure-to-object-to-closing-argument claim was included in those unexhausted claims made the basis of Garcia's motion for stay and abatement and subsequent state habeas application. (Sub. St. Hab. App. at 26-30, attached to Agreed Mot. to Stay and Abate, Doc. 16).

similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).   A petitioner can overcome a procedural default only by showing: (1) cause for the default and actual prejudice; or (2) that the application of the state procedural bar would result in a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).

A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A).  This requires the prisoner to submit the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989).  In Texas, the Texas Court of Criminal Appeals is the highest criminal court, and a death-sentenced prisoner must present his claims to the Texas Court of Criminal Appeals in the direct appeal or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986); *Rosales v. Cockrell*, 220 F.Supp.2d 593, 608 (N.D.Tex., 2001) (citing Tex.Code Crim.P. art. 37.071 § 2(h) (Vernon's Supp. 2001) ("The judgment of conviction and sentence of death shall be subject to automatic review by the Court of Criminal Appeals.") and art. 11.071 (establishing the procedures for an applicant seeking habeas relief from a judgment imposing the death penalty)).

A federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005).  However, Texas law prohibits a death-sentenced prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ application. *See* TEX.CODE CRIM. PROC. ANN. art. 11.071, § 5(a) (Vernon 2007).

Under this statute:

> If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or
>
> (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071, 37.0711, or 37.072.

*Id.*  This procedural bar also applies to unexhausted claims if the state court would likely dismiss such claims if made in a successive habeas petition under article 11.071, § 5. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) (procedural default occurs when a prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

## c.  Analysis.

Since only one of the ineffective-assistance-of-counsel claims was reached on its merits, procedural bar will be addressed first.

### 1.  Procedural Bar.

Article 11.071 § 5 of the Texas Code of Criminal Procedure has consistently been found to be an independent and adequate state law to bar federal habeas review. *See Balentine v. Thaler*, 626

F.3d 842, 856-57 (5th Cir. 2010), *reh'g denied*, 629 F.3d 470, *cert. denied*, __ U.S. ____,131 S.Ct. 2992, 180 L.Ed.2d 824 (2011); *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008).  In his petition, Garcia recognizes this problem and anticipates the need to overcome this procedural bar. (Pet. at 6-22.)  He argues that sufficient cause-and-prejudice exist to overcome this procedural bar due to the ineffective assistance of state habeas counsel. (*See id.*)  However, he also recognizes that this argument is foreclosed by Circuit precedent binding on this court, and makes the argument merely to preserve it for appellate review.[2] (Pet. at 6.)  These arguments appear adequately presented to preserve them for further review.

Respondent specifically identified these claims as having been denied by the state courts on independent and adequate state grounds to bar federal habeas review, and does not indicate an intent to waive this defense.[3]  However, the defense is not asserted clearly.  While not suggesting an intent to waive an applicable defense, the answer argues that these claims may be denied on their merits "even without the lens of AEDPA deference." (Ans. at 52.)  To the extent that there may be any confusion about this issue, this Court will follow the procedure for recognizing this procedural bar *sua sponte* out of an abundance of caution.

"In a proceeding involving a 28 U.S.C. § 2254 motion, [the United States Court of Appeals for the Fifth Circuit] stated that 'a federal district court may, in the exercise of its discretion, raise

---

[2]The availability of claims foreclosed by the ineffective assistance of state habeas counsel is under review by the Supreme Court in petitions for writs of certiorari.  *See Martinez v. Schriro*, 623 F.3d 731 (9th Cir. 2010), *cert. granted sub nom*, *Martinez v. Ryan*, ___ U.S. ____, 131 S.Ct. 2960, 180 L.Ed.2d 244 (2011); *Maples v. Allen*, 586 F.3d 879 (11th Cir. 2009), *cert. granted sub nom*, *Maples v. Thomas*, ___ U.S. ____, 131 S.Ct. 1718, 179 L.Ed.2d 644 (2011).

[3]In fact, it appears that the respondent intended to raise all defenses that counsel believed applicable, including procedural defenses.

a habeas petitioner's procedural default *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims.'" *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001) (footnote omitted) (citing *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998), and *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir.2000) (raising the procedural bar in a § 2254 case *sua sponte* at the appellate level)).   The relevant concerns are whether the petitioner has been given notice and an opportunity to respond and whether the government has waived the defense intentionally. *Smith*, 216 F.3d at 524; *Willis*, 273 F.3d at 596.   Clearly, the petitioner has anticipated the defense, has adequately pleaded his argument to preserve them for further review, and no intent to waive an applicable defense is apparent from the pleadings.   This recommendation will provide the basis for any further notice to the parties that may be needed to respond to the issue of procedural bar by way of objection to this report and recommendation. *See Prieto v. Quarterman*, 456 F.3d 511, 518 & n.34 (5th Cir.2006); *United States v. Willis*, 273 F.3d at 597 (5th Cir.2001) (the magistrate judge's report and recommendation to the district judge provides requisite notice to which the petitioner had ample time to respond and address the procedural default defense); *Magouirk*, 144 F.3d at 350, 360.

### 2. *Ineffective Assistance of Trial Counsel for Failing to Object to Jury Instructions.*

#### i. *Applicable Law.*

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[4]   The first

---

[4]For the claim adjudicated on their merits in the state courts, the presumption of competence required in *Strickland* combined with the deference required under § 2254(d) makes federal habeas review of a state court's denial of such a claim "doubly deferential" as set out below. *Pinholster*, __ U.S. __, 131 S.Ct. at 1403.   For the other ineffective assistance claims alternatively reviewed de novo, only the *Strickland* presumption applies.

prong of *Strickland* requires the defendant to show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2064. The second prong of this test requires the defendant to show prejudice resulting from counsel's deficient performance. *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Strickland*, 466 U.S. at 697, 700, 104 S.Ct. 2069, 2071.

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

To satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. The petitioner must affirmatively plead the resulting prejudice in the habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

15

To obtain federal habeas relief on an ineffective-assistance-of-counsel claim that was adjudicated on the merits, a petitioner is required to demonstrate that the state court's decision on the ineffective assistance claim was contrary to, or an unreasonable application of, the standards set forth under *Strickland*. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443-44 (5th Cir. 2003).  Given the presumption of competence required in *Strickland*, this makes federal habeas review of a state court's denial of such a claim "doubly deferential." *Pinholster*, __ U.S. __, 131 S.Ct. at 1403 (citing *Knowles v. Mirzayance*, 556 U.S. ––––, 129 S.Ct. 1411, 1420 (2009), and *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per curiam*)).  A state prisoner seeking federal habeas relief on such grounds "must demonstrate that it was necessarily unreasonable for the [state court] to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he had failed to undermine confidence in the jury's sentence of death." *Id.*

### ii. Analysis.

Petitioner complains that trial counsel failed to object to improper party conspiracy and inferred-intent instructions at the guilt/innocence phase because they would allow the jury to find him guilty without unanimous agreement on the individual criminal acts (Am. Pet. at 71-77). Petitioner argues that under Texas law the submission in his trial "was equivalent to a submission of two offenses because two distinct ways of committing the capital murder of Hawkins existed," murder of a peace officer under Tex. Penal Code § 19.03(a)(1), and murder in the course of a listed felony under § 19.03(a)(2). (Pet. at 75.)  Petitioner argues that this distinction is shown by the different mens rea required. (*Id.*)  Respondent argues that Texas law requires a general verdict and

that the instructions did not otherwise violate federal law.[5]

The state court on habeas review determined in the alternative that the jury instructions did not improperly allow for a non-unanimous verdict. (SHF 128-144; 2 SHR 392-97.) These findings were adopted by the Texas Court of Criminal Appeals. *Ex parte Garcia*, 2006 WL 3308744 at *1. Therefore, the underlying matter of state law has been determined adversely to petitioner.[6] Federal courts in post-conviction habeas corpus proceedings do not sit to review questions of state law. *See Engle v. Isaac*, 456 U.S. 107, 118-121, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir.2000) (referring to this "long-standing principle"); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir.1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding").

Petitioner has not shown that the charge was in fact subject to an objection under state or federal law or that the absence of an objection was deficient.  Trial counsel cannot be faulted for

---

[5]Respondent focuses on federal requirements, pointing out that the Supreme Court has "never suggested that in returning general verdicts in such cases [one or more acts or defendants] the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone." (Ans. at 62, quoting *Schad v. Arizona*, 501 U.S. 624, 631-32, 111 S.Ct. 2491, 2497-98, 115 L.Ed.2d 555 (1991)).

[6]The state findings appear to be correct.  Petitioner relies upon *Ngo v. State*, 175 S.W.3d 738 (Tex.Crim.App. 2005) to show that different offenses are alleged. (Am. Pet. at 61-62, 75.)  Ngo was found trying to use his ex-wife credit cards, which had earlier been stolen. *Id.* at 741-42.  He was charged with the theft of the cards, receiving the stolen cards, and with the fraudulent use of the cards. *Id.* at 742.  In closing argument, the prosecutor admitted that "I don't know if I proved all three or one or two or all—I have no idea." *Id.*  Under these facts, the Texas Court of Criminal Appeals held that his conviction under this general verdict violated the right to a unanimous verdict on the criminal act:  stealing credit card, receiving stolen credit card, or fraudulently using credit card. *Id.* at 744-45.
Garcia's case is distinguishable in that each of the different manner and means contained in the indictment refer to the same criminal act: capital murder of Aubrey Hawkins.  This is what the State Habeas Court found. (SHF Nos. 140-43; 2 SHR at 396-97.)  Further, the jury was instructed in the guilt/innocence stage that their verdict must be unanimous. (2 CR at 294.)

failing to make a meritless objection. *See Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); *Green v. Johnson*, 160 F.3d 1029, 1037 (1998).  Even if the challenged conduct were deficient, no prejudice is shown.  Therefore, this claim should be denied on the merits.

#### d.  Alternative Analysis of Procedurally-Barred Claims.

In the alternative to the finding of procedural bar to all but one of the ineffective-assistance-of-counsel claims listed above, Petitioner has failed to make the required showing to obtain relief on the merits of these claims.  Since these claims were not adjudicated on the merits, the deference required by 28 U.S.C. § 2254(d) would not apply.  Therefore, if the claims are not procedurally barred they must be considered de novo. *See Miller*, 200 F.3d 274, 281 n.4.  However, since the state court has refused to consider these claims due to Petitioner's failure to develop the factual basis for these claims in his original state habeas proceeding when his claims of ineffective assistance of trial and appellate counsel could first be considered, further evidentiary development in this Court is now prohibited by § 2254(e)(2).  At this point, this Court must refuse to allow the evidentiary development that Petitioner may need to effectively challenge trial counsel's conduct by compelling the evidence he does not already have, such as testimony from trial counsel to show whether any of his challenged conduct was deficient or other evidence to show what prejudice may have resulted.  Accordingly, the failure of Petitioner to meet his burden of proof will now require this Court to deny a claim on the merits if it is not otherwise procedurally barred.

#### 1. Trial Counsel.

##### i. Venireperson.

Petitioner complains that trial counsel failed to object to the trial court's grant of the State's challenge to venireperson David Chmurzynski. (Am. Pet. at 43-52.)  He specifically contends that

his trial counsel should have objected, pursuant to *Witherspoon v. Illinois*, 391 U.S. 510, 512-23, 88 S.Ct. 1770, 1772-78, 20 L.Ed.2d 776 (1968), that Mr. Chmurzyski was not disqualified. However, he has not shown that counsel's performance was deficient or that such an objection would have prevailed.

The Sixth Amendment protects the right to a fair trial before an impartial jury.  In *Witherspoon v. Illinois*, the Supreme Court held that the prosecution's use of an Illinois statute that excluded for cause any prospective juror with "conscientious scruples" against capital punishment to eliminate nearly half of the venire did not result in a jury that reflected the "conscience of the community," but rather "stacked the deck" in favor of the prosecution in violation of the Sixth Amendment. 391 U.S. at 521-23.  Later, the Supreme Court clarified that "the proper standard for determining when a prospective juror may be excluded for cause because of his or her views on capital punishment" is "whether the juror's views would 'prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" *Wainwright v. Witt*, 469 U.S. 412, 424, 105 S.Ct. 844, 852, 83 L.Ed.2d 841 (1985) (quoting *Adams v. Texas*, 448 U.S. 38, 45, 100 S.Ct. 2521, 2526, 65 L.Ed.2d 581 (1980)); *Drew v. Collins*, 964 F.2d 411, 416-17 (5th Cir. 1992).  Even an expressed willingness to follow the law does not necessarily overcome other indications of bias. *See Morgan v. Illinois*, 504 U.S. 719, 735, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992).  A prospective juror may believe she can follow the law and yet will actually be so biased in one direction or another that her inclusion would infect a trial with fundamental unfairness. *See Morgan*, 504 U.S. at 735; *Varga v. Quarterman*, 321 Fed. Appx. 390, 395 (5th Cir.), *cert. denied*, __ U.S. ___, 130 S.Ct. 797, 175 L.Ed.2d 562 (2009).

In applying this standard, *Witt* also explained that a presumption of correctness applies to

the trial court's determination of a challenge for bias. 469 U.S. at 430-31, 105 S.Ct. at 855-56. "[S]uch a finding is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." *Id.,* 469 U.S. at 428, 105 S.Ct. at 854 (footnote omitted).  The trial court need not detail its reasoning or explicitly conclude that a prospective juror is biased, so long as it is evident from the record. *See id.,* 469 U.S. at 430, 105 S.Ct. at 855.  In this case, the trial judge included specific observations of the demeanor of the potential juror to support the decision to excuse such juror.

The examination of this prospective juror does not indicate that he had conscientious scruples against the death penalty, save only its imposition upon mentally retarded persons which was entirely consistent with Texas law. (13 RR at 244.)  Otherwise, the prospective juror voiced support for the death penalty in appropriate cases. (13 RR 244-46.)  His views on the death penalty do not appear to be the reason for excusing this juror, but instead his apparent personal discomfort with participating in the process, about which he testified that "it would be a difficult thing for me to do." (13 RR at 248.)  In explaining the excusal for cause, the trial court specifically noted problems with this venireperson's demeanor: "This juror was extremely nervous. His hands were quivering. In response to the question whether or not he could assess the death penalty, his voice broke." (13 RR at 249.)  The record before this court suggests that this venireperson's personal difficulty would prevent or substantially impair the performance of his duties as a juror.  Petitioner has not shown that an objection by trial counsel would have prevailed, or that making it would have preserved  a meritorious claim for appeal.[7]  Since the record is inadequate to show merit, this Court

---

[7]Trial counsel did not object to the trial court's decision to excuse the prospective juror, but instead stated that they would "remain silent" on the issue. (13 RR at 249.)  Trial counsel's reasons for choosing to remain silent are not included in the record before this Court, and further evidentiary

cannot fault trial counsel for failing to make a meritless objection. *See Turner*, 481 F.3d at 298; *Green*, 160 F.3d at 1037.

### ii. Jury Selection Process.

Petitioner next complains that trial counsel failed to object to the jury selection process in violation of his Sixth Amendment rights. (Am. Pet at 52-61.)  He asserts that the jury selection procedure violated state law in a way that favored the prosecution.  Specifically, he complains that after he exercised his 15th and final peremptory challenge, the trial court changed the procedure to allow a pool of potential jurors to accumulate before the prosecution was required to exercise its peremptory challenges.  This allowed the prosecution to examine each of those jurors and compare the jurors in making use of their peremptory challenges more effectively than the defense had been allowed. (Am. Pet. at 61.)

The record reflects that trial counsel did not object, but in fact agreed to allow this change in procedure to reserve peremptory strikes until a number of potential jurors had qualified.

> MR. SHOOK:  The State and defense can agree on the next several jurors to qualify them, but reserve our preemptory (sic) strikes until after several have qualified.  In other words, we've been doing peremptories with every juror.  We will go through whether they qualify for cause and then we'll reserve to exercise those peremptories after we qualify several of them.

> MR. LUCAS:  That's correct, Your Honor.  Your Honor, just so the record will be clear, we anticipate we may be asking for additional preemptory (sic) strikes in the future.  I know the Court would rule on that at the appropriate time, but we'd just like to make the Court aware that we may well be asking for additional strikes.

> THE COURT:  Yes, sir.  Okay.  Ready, Brian, please.  The Court certainly approves that agreement.

(37 RR at 31.)  The record does not reflect the reasons for trial counsel's agreement nor what benefit

---

development is now prohibited.

to the petitioner may have resulted from such agreement.  The evidence is not sufficient to show ineffective assistance.  Petitioner has not overcome the presumption that this was a reasonable trial strategy. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 284 (5th Cir. 2000) (trial counsel's agreement with prosecution presumed reasonable).  Since further evidentiary development is prohibited at this point, this ground should be denied.

### iii. Prosecutor's Closing Argument.

Petitioner also complains that trial counsel failed to object to the prosecutor's misstatements of law in closing argument that the verdict on guilt did not need to be unanimous (Am. Pet. at 61-66),[8] and that trial counsel failed to object to the State's mischaracterization of evidence and improper argument at closing (Am. Pet. at 66-68).  "A decision not to object to a closing argument is a matter of trial strategy." *Drew v. Collins*, 964 F.2d 411, 423 (5th Cir.1992).  Petitioner has not overcome this presumption by showing that this trial strategy was deficient   Since further evidentiary development is prohibited at this point, and based on the record before this Court, this ground should also be denied.

### iv. Jury Instructions in Punishment Phase.

Petitioner also complains that trial counsel failed to request an anti-parties charge at the punishment phase of trial. (Am. Pet. at 68-71.)  Since he was found guilty under instructions that allowed for criminal liability as a party, Petitioner would have been entitled to an anti-parties charge in the punishment phase if he had requested it. *See Nichols v. State*, 754 S.W.2d 185 (Tex.Crim.App. 1988).  Petitioner also notes that the prosecutors argued that Petitioner was a future danger based

---

[8]Respondent asserted that this claim was the only "reviewable" claim, based on the mistaken belief that it had been reached on the merits in state habeas. (Ans. at 48-49).  As stated above, a different claim was presented and reached. *Supra*, n.1.

on what the group did, rather than on what he did individually. (Pet. at 69-70, citing 56 RR at 79.)

Respondent argues that even if it was deficient to not request the charge, prejudice could not be

shown in light of Circuit precedent that "with the three special issues Texas law focuses the jury on

the individual conduct of the defendant" and that "this structure of the punishment phase reasonably

led the jury to assume the law of the parties was not applicable during this phase." *Westley v.*

*Johnson*, 83 F.3d 714, 723 (5th Cir. 1996) (citing *Nichols v. Scott*, 69 F.3d 1255, 1268 (5th Cir.

1995).

This structure is reflected in the following special issue that was given to the jury in the

instant case:

> Do you find from the evidence beyond a reasonable doubt that the defendant,
> JOSEPH C. GARCIA, actually caused the death of the deceased, Aubrey Hawkins,
> or did not actually cause the death of the deceased but intended to kill the deceased
> or another or anticipated that a human life would be taken?

(2 CR at 302.)  A similar instruction was considered in *Belyeu v. Scott*, 67 F.3d 535, 543 (5th

Cir.1995), to direct the jury to consider only the defendant's personal culpability, and resulted in a

finding of no harm from the overruling of an objection to the absence of an anti-parties charge.

Further, any failure to object or to request an anti-parties instruction is presumed to be a reasonable

trial strategy.  The Petitioner has not shown otherwise and further evidentiary development is now

prohibited.  Therefore, this claim should be denied.

### *v. Mitigation Investigation.*

Petitioner also complains that trial counsel failed to investigate possible mitigation evidence.

(Am. Pet. at 77-83.)  He frames this as a failure to obtain a mitigation specialist, but the record

before this Court shows that trial counsel obtained the services of an expert with qualifications that

favorably compare with the qualifications of the mitigation expert now relied upon.  Further, the

23

proper focus of this analysis is not whether trial counsel obtained a particular expert or investigator, or even whether he failed to discover and present potentially mitigating evidence.  Instead, it is whether trial counsel's decision regarding his investigation was reasonable and informed by adequate information. *See Wiggins v. Smith*, 539 U.S. 510, 522-523, 123 S.Ct. 2527, 2536, 156 L.Ed.2d 471 (2003) (citing *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066).

A review of the merits of this claim requires the Court to look to the "norms of adequate investigation in preparing for the sentencing phase of a capital trial, when the defense counsel's job is to counter the State's evidence of aggravated culpability with evidence in mitigation." *Rompilla v. Beard*, 545 U.S. 374, 380-81, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005).  Mitigating evidence can be critically important in a death penalty case. *See Moore v. Johnson*, 194 F.3d 586, 612 (5th Cir. 1999)(citing *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976), and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 875, 71 L.Ed.2d 1 (1982)).  Trial counsel defending a death penalty case has an "obligation to conduct a thorough investigation of the defendant's background," *[Terry] Williams v. Taylor*, 529 U.S. at 396, 120 S.Ct. at 1515 (citing ABA Standards for Criminal Justice 4-4.1, commentary, p. 4-55 (2d ed.1980)), which "should comprise efforts to discover all reasonably available mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor." *Wiggins*, 539 U.S. at 524, 123 S.Ct. at 2537 (quoting *Guidelines* 11.4.1(C), p. 93 (1989) (emphasis omitted).

However, a "failure to develop or present mitigating background evidence is not per se deficient performance." *Moore*, 194 F.3d at 615.

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.  In other words,

24

counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690-91.

Trial counsel obtained the services of two mental health experts that testified at trial, Dr. Judy Stonedale and Dr. Gilda Kessner, Psy.D. Dr. Stonedale is described as a forensic psychiatrist on the faculty of UT Southwestern as the Assistant Director of the Forensic Fellowship with experience in the federal and state prison systems. (55 RR at 59-61.) She is also listed as a defense expert in another capital case. *Battaglia v. State*, 2005 WL 1208949 at *3 (Tex.Cr.App., 2005). Dr. Kessner is a clinical psychologist who is also listed in numerous capital cases as a defense expert, doing "forensic psychological evaluations in capital cases for risk assessment, mitigation and mental retardation." *Doyle v. Thaler*, Slip Copy, 2009 WL 3028574 at *4 (N.D.Tex., 2009). At Garcia's trial, she testified to her qualifications as a licensed clinical psychologist with a specialty in forensic psychology and criminal matters. (56 RR 10.) She testified about risk assessment and mitigation issues, specifically including his childhood background, upbringing and development. (56 RR 52.) Her qualifications would appear to favorably compare to those of Toni Knox, the investigator now relied upon by Petitioner's appointed counsel, and the petitioner has not shown otherwise. Therefore, the asserted failure to obtain the assistance of a mitigation investigator appears to lack merit.

More importantly, however, Petitioner has not shown that any of the information uncovered by investigator Knox was unknown to trial counsel at the time of trial or that the expert assistance trial counsel received was deficient. Admittedly, the petitioner may not have been able to discover

25

what was known to trial counsel, but the record before this court also suggests that the critical information referenced in the petition was extensively placed before the jury at Petitioner's trial through family members, friends, Petitioner's CPS caseworker (with 1,145 pages of CPS records), and his defense expert psychiatrist and psychologist. (*See* 53 RR at 204-256; 54 RR at 3-63; 55 RR at 16-18, 65-68, 71, 80, 90-92, 97-100, 137-155, 168-170; 56 RR 15-37, 54-55, 65-67; Def. Ex. No. 15.)   Petitioner's current complaint appears to be a disagreement over trial strategy, which is precisely the type of inquiry that this Court should avoid.   "*Strickland* does not allow second guessing of trial strategy and must be applied with keen awareness that this is an after-the-fact inquiry." *Granados v. Quarterman*, 455 F.3d 529, 534 (5th Cir.2006).   If this claim is not procedurally barred, it should also be denied on the merits.

### 2. Appellate Counsel.

In reviewing a claim alleging ineffective assistance of appellate counsel, the traditional *Strickland* standard described in Subsection (c)(2)(i), *supra*, applies. *See Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008); *Busby v. Dretke*, 359 F.3d at 714.   Appellate counsel's failure to pursue relief on a ground that would not have prevailed on appeal will not constitute ineffective assistance. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001); *see also, Penson v. Ohio*, 488 U.S. 75, 83-84 (1988) (appointed appellate counsel need not make frivolous arguments); *Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir. 2004) (where omitted claim lacks merit, ineffective assistance of counsel claim based on failure to raise claim on appeal also lacks merit); *Clark v. Collins*, 19 F.3d at 965-66 (failure to raise objection that was meritless at the time not ineffective assistance of counsel); *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994) (where issue lacks merit, failure to raise issue on appeal cannot satisfy prejudice prong of *Strickland* ).

### i. Venireperson.

Petitioner complains that his counsel on direct appeal failed to raise the trial court's improper grant of the State's challenge to venireperson David Chmurzynski. (Am. Pet. at 86-87.) However, the trial counsel did not object, choosing instead to remain silent. (13 RR at 249.) Therefore, any potential error was not preserved. *See Salinas v. State*, 166 S.W.3d 368, 372 (Tex.App.–Fort Worth, 2005) citing TEX. R. APP. P. 33.1(a)(1)(A); *Heidelberg v. State*, 144 S.W.3d 535, 538 (Tex.Crim.App. 2004); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex.Crim.App., 1998); *Bell v. State*, 938 S.W.2d 35, 54 (Tex.Crim.App.1996); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990)). It could not have been ineffective to fail to raise a point of error that was not available. Therefore, if this claim is not procedurally barred, it should be denied on the merits.

### ii. Jury Selection Process.

Petitioner also complains that his counsel on direct appeal failed to allege that jury selection was conducted in violation of Texas statutes. (Am. Pet. at 87-88.) Again, trial counsel agreed to the complained-of change in the jury selection procedure. (37 RR at 31.) No error was preserved for appeal and it was not ineffective to fail to raise an unavailable claim. Therefore, if this claim is not procedurally barred, it should also be denied on the merits.

### iii. Extraneous Offense Evidence.

Petitioner also complains that his counsel on direct appeal failed to properly brief an issue regarding erroneous admission of extraneous offense evidence. (Am. Pet. at 89-92.) Petitioner claims that deficient performance is shown in that the CCA refused to review the point on appeal because it found that appellate counsel failed to adequately brief the issue. (Am. Pet. at 89.) Petitioner also contends that the issue was preserved and no limiting instructions was given by the

trial court. (*Id.*)  However, Petitioner's claim appears to make the wrong complaint.

Petitioner claims that appellate counsel failed to properly raise a point of error regarding the admission of the evidence of his escape from prison under Rule 404(b) of the Texas Rules of Evidence.  Petitioner asserts that "[w]hile appellate counsel did address the balancing test necessary under Rule 403 of the Texas Rules of Evidence, he failed to argue that the escape evidence prejudiced Mr. Garcia by painting him as a criminal generally." (Am. Pet. at 92.)  However, the opposite appears to be the case.  As Respondent points out, the CCA did address the extraneous offense complaint and found that its admission was not improper.

> Because the weapons used in the instant offense were identified as those taken from the prison, and because the taking of the weapons was intricately intertwined with the prison escape, the trial court concluded that evidence of the escape and the stolen weapons was admissible as contextual evidence. Furthermore, the court noted that the evidence of the extraneous events was limited to only that necessary to explain the connection of the weapons to the instant offense and appellant's connection to the weapons. The trial court did not abuse its discretion in admitting this evidence.

*Garcia v. State*, 2005 WL 395433 at *4.  In contrast it was essentially the complaint under Rule 403 that the CCA refused to consider.[9]  Therefore, Petitioner has not shown that appellate counsel was ineffective.  Further, The trial court appeared to make the correct balancing test under Rule 403.[10]

---

[9]The CCA opinion found that "[w]ith regard to appellant's claims that the admission of the evidence was more prejudicial than probative or that he was entitled to a limiting instruction regarding the evidence, he has wholly failed to present anything more than conclusory statements." *Garcia,* 2005 WL 395433 at *4.  To the extent that appellate counsel failed to argue the absence of a limiting instruction, apparently there was no objection to such absence either and therefore that complaint was not preserved for appeal.

[10]The trial court stated:

> Any time the Court is called upon to make the 403 balancing test regarding extraneous offenses, I have to include the following factors and weigh the evidence accordingly.

### iv. Jury Instructions in Guilt Phase.

Petitioner also complains that his counsel on direct appeal failed to raise points of error on jury instructions regarding intent at guilt/innocence phase of trial. (Am. Pet. at 93-97.)  However, as noted above, it was not error for trial counsel to not make those objections to the charge. Therefore, an appellate point would not have prevailed.

### v. Prosecutor's Argument.

Petitioner also complains that his counsel on direct appeal failed to raise as error the State's mischaracterization of evidence and improper argument at closing. (Am. Pet. at 98-99.)  However,

---

Number one, the inherent probative value of the evidence; two, the similarly of the conduct of the offense on trial; number three, the strength of the evidence [of] extraneous offenses; number four, the nature of the extraneous conduct and its potential for impressing the jury in irrational, but indelible ways; number five, the time necessary to develop evidence giving consideration to whether the jury's attention will be diverted from the offense on trial and the State's need for the evidence including, (a) the availability of other evidence which tends to accomplish the same purpose; (b) the strength of that other evidence; (c) whether the purpose served by the extraneous conduct relates to an issue that is in dispute.

The nature of the dispute in this case is regarding the weapons that were used during the robbery and the parties conducting the robbery and murder in Irving, Texas.

Specifically, the defense position is that this is an extraneous offense. It's not part of the same criminal transaction or episode. The State's position is that this is all one contextural (sic) pattern of events.

* * *

I've heard arguments from both sides. The Court has made the appropriate balancing test. I find that the escape from the penitentiary some 11 days prior to the 24th of December is contextural (sic), will not overburden the jury, and [for] the limited purpose of admitting the testimony from [State's witness] Garcia to prove up the ownership of the weapons and the parties involved in obtaining that property.

(48 RR at 3-5).

no objection was made at the time of the prosecutor's argument.  Therefore, no error was preserved for appeal. *See Threadgill v. State*, 146 S.W.3d 654, 670 (Tex.Crim.App.2004) (failure to object to prosecutor's argument during punishment phase forfeits right to complain about argument on appeal); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996) ("Before a defendant will be permitted to complain on appeal about an erroneous jury argument . . ., he will have to show he objected and pursued his objection to an adverse ruling.").  The state courts have overruled "any prior cases to the contrary." *Cockrell*, 933 S.W .2d at 89; *Lewis v. State*, 2010 WL 2998749, at *3 (Tex.App.--Tyler, 2010, no pet.) (noting elimination of fundamental error exception to a defendant's failure to object to improper prosecutorial argument); *Price v. State*, 2011 WL 3618088 at *1 (Tex.App.--Tyler, 2011) (same).

### vi. Invalid Search and Arrest.

Petitioner also complains that his appellate counsel failed to raise the denial of a motion to suppress evidence obtained under invalid search and arrest warrants. (Am. Pet. at 100-115).

Respondent incorrectly asserts that this claim is not cognizable on federal habeas review due to the limitations imposed by the Supreme Court in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).  This is not a claim of an illegal search brought under the Fourth Amendment, but a claim of ineffective assistance of counsel brought under the Sixth Amendment. Therefore, the limitations of *Stone v. Powell* do not apply, and the Supreme Court has expressly refused to extend these restrictions to the federal habeas review of Sixth Amendment claims of ineffective assistance of counsel for failing to protect rights to the exclusion of evidence allegedly obtained in violation of the Fourth Amendment. *See Kimmelman v. Morrison*, 477 U.S. 365, 379, 382-83, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

Petitioner asserts that the search was illegal because of technical defects in the search and arrest warrants. (Am. Pet. at 109-114.)  However, the trial court did not rely on the validity of the warrants, but determined that the evidence was legally obtained in a valid search incident to a warrantless arrest under Colorado law. (49 RR at 24-25.)  Petitioner also noted that "[t]he validity of the warrants had been an issue in the three trials of other Texas Seven defendants that preceded Mr. Garcia's trial." (Am. Pet. at 100.)  However, he has not shown that any different result obtained from any of the other "Texas Seven" trials or appeals, and in at least one of them the appellate claims of erroneous admission of this evidence in violation of the Fourth Amendment failed. *See e.g,. Rodriguez v. State*, 2006 WL 827833 at *1-*4 (Tex.Crim.App. 2006).  Since Petitioner has not shown that any different outcome would have occurred if the claim has been raised in his appeal, this claim also fails on the merits.

Therefore, if these claims are not procedurally barred, it is recommended that they all be denied on their merits.

## VII.  STATE HABEAS COUNSEL.

Garcia also claims that his original state habeas counsel denied him the competent and effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. (Am. Pet. at 116-127.)  However, there is no constitutional right to state habeas counsel, so there can be no constitutional violation for not providing it.  *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2546, 115 L.Ed.2d 640 (1991); *but see supra*, at 13, n.2 (referencing current challenges before Supreme Court).  To the extent that this is raised as an independent ground for habeas corpus relief, it is precluded by statute: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a

proceeding arising under section 2254." 28 U.S.C. § 2254(i)); *see also Martinez v. Johnson*, 255 F.3d 229, 245 & n.22 (2001) (upholding bar to relief in § 2254(i)); *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001).  To the extent that this is raised as a cause to excuse any procedural default arising from state habeas counsel's failure to raise these in the original state habeas application, this argument is precluded by case authority.  Since there is no constitutional right to counsel in state post-conviction habeas corpus proceedings, Garcia cannot rely on constitutionally ineffective assistance of counsel in such proceedings in order to establish cause and prejudice. *See Coleman*, 501 U.S. at 752; *Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001); *Beazley*, 242 F.3d at 271.  Accordingly, these claims should be denied.

## VIII.  CONCLUSION.

Garcia has not shown that any of the claims presented in this case warrant federal habeas corpus relief from his state conviction and death sentence.  Accordingly, relief should be denied.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus filed in this case pursuant to 28 U.S.C. § 2254 be DENIED.

DATED November 1, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996).