IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| JOSEPH C. GARCIA, | § § | |
| Petitioner, | § § | |
| VS. | § § | No. 3:06-CV-2185-M |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | (Death Penalty Case) |
| Respondent. | § | |

### ORDER CANCELLING REFERRAL AND SETTING HEARING

On June 12, 2013, this Court reopened these proceedings and referred this case back to the United States Magistrate Judge (ECF No. 58). Subsequently, the Magistrate Judge ordered further briefing in light of *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). *Trevino* overruled Circuit precedent and held that the exception to procedural bar created in *Martinez v. Ryan*, 566 U.S. 1 (2012), applies to substantial ineffective assistance of trial counsel claims presented in the federal habeas review of state convictions and sentences that were not presented to the state courts of Texas allegedly due to the ineffective assistance of state habeas counsel. In light of the supplemental briefing, it appears that an evidentiary hearing is necessary to determine whether Petitioner has set forth a substantial claim of ineffective assistance of trial counsel that was not properly presented to the state court allegedly due to the ineffective assistance of state habeas counsel, and may now be considered by this Court in accordance with the exception to procedural bar created in *Martinez*.

I.

In his Findings, Conclusions and Recommendation ("Recommendation", ECF No. 42),

the United States Magistrate Judge recommended that Garcia's fifth claim, that he was deprived of the effective assistance of trial counsel in seven listed ways, was unexhausted and procedurally barred in all but one of the listed ways. The Magistrate Judge recommended that the exhausted portion of this claim—that trial counsel was ineffective for failing to object to improper party conspiracy and inferred intent instructions at the guilt/innocence phase of this trial—be denied on the merits, and that the remaining claims of ineffective assistance of trial counsel be dismissed as unexhausted and procedurally barred. In the alternative, the Magistrate Judge recommended that the unexhausted claims be denied on the merits, at least in part because the ineffective assistance of state habeas counsel could not excuse the procedural bar and was considered to preclude this court from conducting an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Since that time, the Supreme Court has recognized a new exception to procedural bar to allow this Court to consider ineffective assistance of trial counsel claims that were not properly presented to the state court and would otherwise be procedurally barred in this Court.

In his supplemental briefing, Respondent argues that this Court is precluded from conducting any hearing or allowing any further evidentiary development on any claims that would come within the exception to procedural bar created in *Martinez*, because of the limitation of § 2254(e)(2). (Resp. Supp. Br., ECF No. 62, at 3-12.) He further argues that another abatement to allow the state court to consider these claims would be inappropriate, particularly in light of the fact that the state court has already refused to consider these claims in a subsequent state habeas proceeding. (Resp. Supp. Br. at 12-13.)

In Garcia's supplemental briefing, he argues that because he must show that an ineffective assistance of trial counsel claim has some merit in order to bring it within the exception to procedural bar created in *Martinez*, he should be allowed the opportunity to make

that evidentiary showing. (Pet. Supp. Br., ECF No. 64, at 3-6.) Garcia requests no abatement of these proceedings for further exhaustion, because he believes it would be futile. (Pet. Supp. Br. at 8 n.3.)

II.

In general, this Court has discretion to conduct an evidentiary hearing as necessary to resolve the issues that are properly before it. Regardless of whether the limitation of § 2254(e)(2) applies to the consideration of the merits of a habeas claim, this Court may receive evidence on the threshold procedural determination of whether the exception to procedural bar applies. *See Schlup v. Delo*, 513 U.S. 298, 331 (1995) (discussing standards for district court in determining whether to hold an evidentiary hearing on exception to procedural bar); *House v. Bell*, 547 U.S. 518, 537 (2006) (noting that an evidentiary hearing was conducted by district court on exception). The Court must determine (1) whether Garcia has set forth a substantial claim of ineffective assistance of trial counsel, and (2) whether any such claim was not properly presented to the state court because of the ineffective assistance of state habeas counsel. *See Martinez*, 132 S. Ct. at 1320.

The limitation of § 2254(e)(2) should not apply to claims that fall within the *Martinez* exception. The language of § 2254(e)(2) does not specifically refer to the inmate's counsel,[1] but was construed by the Supreme Court, in *Williams v. Taylor*, 529 U.S. 420, 432 (2000), to include the inmate's counsel in connection with its interpretation of this clause to require that a lack of diligence exists before this prohibition applies.[2] This judicial interpretation included the state

---

[1] This clause provides: "If *the applicant* has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows" that certain enumerated requirements are satisfied. 28 U.S.C.A. § 2254 (West 1996) (emphasis added).

[2] "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner *or the prisoner's counsel*." *Id.* (Emphasis added.)

habeas counsel "because the attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent." *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (discussing *Coleman v. Thompson*, 501 U.S. 722, 753-754 (1991)). Since then, however, the Supreme Court has limited the application of agency principles to exclude the conduct of state habeas counsel when it is grossly negligent (*Holland v. Florida*, 560 U.S. 631 (2010)) and when the client is abandoned (*Maples*, 132 S. Ct. at 922-23). In creating the instant exception to procedural bar, the Supreme Court noted the agency principle relied upon in *Coleman* and the trend to limit this principle with respect to the conduct of state habeas counsel. *See Martinez*, 132 S. Ct. at 1316-17 (2012). The Court in *Martinez* also distinguished claims of ineffective assistance of trial counsel from other claims that may be presented in state habeas proceedings, and ultimately excluded state habeas counsel's neglect in failing to present ineffective assistance of counsel claims from the application of that agency principle. Further, in *Trevino*, the Supreme Court applied the *Martinez* exception to Texas cases precisely because of the practical inability of developing the evidence necessary to consider these claims fairly in the direct appeal. *See Trevino*, 133 S. Ct. at 1918-21.

In light of the equitable nature of the *Martinez* exception, it would make little sense to impute the ineffective assistance of state habeas counsel to an inmate so as to prevent the inmate from proving that his state habeas counsel was ineffective. Further, in light of the reasoning in *Trevino*, it would be pointless to construe § 2254(e)(2) to prevent Texas inmates from proving these claims in federal court as well. Since the agency rule was repudiated in *Martinez* and *Trevino* with regard to claims that come within the newly created exception to procedural bar, it seems unlikely that the Supreme Court would apply it to construe § 2254(e)(2) to prevent an inmate from proving a claim that falls within that exception. Giving effect to this new exception

requires that the Court allow an inmate an opportunity to prove that his claim falls within the exception and, if so, that his claim has merit.

The parties agree that another abatement for exhaustion of these claims is inappropriate, and the Court also finds that another abatement is unwarranted. The Court exercises its discretion to conduct an evidentiary hearing on the determination of whether the exception to procedural bar created in *Martinez* applies to these claims. To the extent that the same evidence may prove these claims on the merits, such evidence may be considered for any claims found to fall within the exception to bar.

### III.

**1. Referral Cancelled.** The referral of June 12, 2013 (ECF No. 58) is cancelled.

**2. Hearing.** A hearing is set for 9:00 A.M. on Tuesday, **July 3, 2014**, in the Courtroom, Room 1570, 15th Floor, Earle Cabell Federal Building, 1100 Commerce Street, Dallas, Texas, on (1) whether Garcia has set forth any substantial claim of ineffective assistance of trial counsel, and (2) whether any such claim was not properly presented to the state court because of the ineffective assistance of state habeas counsel.

**3. Evidence.** The Court expects to hear live testimony from trial counsel whose conduct is at issue but otherwise encourages the submission of written exhibits in lieu of live testimony.

**4. Disclosure.** Within thirty (30) days of this Order, the parties shall exchange initial disclosures as required by Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. The name and contact information for any potential witness shall be disclosed no later than **March 7, 2014**.

**5. Discovery.** No formal discovery under the Federal Rules of Civil Procedure shall be permitted, except as authorized, in advance, pursuant to Rule 6 of the Rules Governing Section 2254 Cases. Any motions for authorization to conduct discovery pursuant to Rule 6(a) of the

Rules Governing Section 2254 Cases and the Federal Rules of Civil Procedure shall be filed no later than **March 14, 2014**. Opposition, if any, shall be filed within **two weeks** of the date that such motion for discovery is filed. An optional Reply may be filed within **one week** of the date that the Opposition is filed. All discovery, including depositions, shall be completed by **June 6, 2014**.

6. **Expert Disclosures.**

    a. Petitioner shall provide expert disclosure as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure no later than **March 28, 2014**.

    b. Respondents shall provide expert disclosure as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure no later than **April 11, 2014**.

    c. Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed no later than **April 25, 2014**.

7. **Petitioner's Presence.** Any request for Petitioner to attend the evidentiary hearing in person or to participate via videoconference shall be filed no later than **April 11, 2014**.

8. **Prehearing Statement.** On or before **June 13, 2014**, the parties shall file a joint prehearing statement, which shall:

    a. Identify counsel who will appear at the hearing;

    b. Identify any stipulated and uncontested facts;

    c. Identify the contested issues of fact and law;

    d. Identify the witnesses to be called at the hearing, including a brief description of their anticipated testimony; and

    e. Identify the exhibits to be presented at the evidentiary hearing, noting any objection by the party against whom the exhibit is to be offered.

**9. Requests for Funding.** The Court does not presume that any additional funding will be needed, but provides the following instructions regarding any such requests that may be made.

The law presumes that any requests for funding ancillary service providers will be made in the public record. See 18 U.S.C. § 3599(f). To the extent Garcia seeks to proceed ex parte on such requests, he shall serve Respondent with a motion seeking leave to do so, which shall include a case-specific statement of the need for confidentiality regarding any matters sought to be considered ex parte. The motion for leave should include a description of (1) the type of services needed, (2) the issue or topic for which the services are necessary, (3) an estimate of the total amount of fees and expenses requested, (4) the amount of funding on the issue or topic previously provided at trial, in state habeas proceedings, and from any other source, along with (a) a general description of how the money was spent, (b) an explanation of why previous funding was insufficient, and (5) all other nonprivileged information relevant to the request for funding. Garcia must show a specific need for confidentiality instead of asserting a blanket attorney-client or work-product privilege. Without revealing information itself privileged, Garcia must provide enough information to Respondent to (1) enable him to test the merits of the privilege claim, and (2) provide him a meaningful opportunity to supply any relevant information to the Court regarding whether the requested services are necessary.

Simultaneously with the motion for leave, Garcia may file ex parte and under seal any application for authorization for funding of an investigator or expert, including the specific identity and qualifications of the investigator or expert sought and a detailed estimate of the projected time, hours, and expenses to be incurred. Garcia must provide factual support for the funding request, including any pertinent state court records and all prior funding records regarding the same issues, but may only exclude privileged records from those served on

Respondent. If the Court denies leave to proceed ex parte, it will allow Garcia to either withdraw the filing or allow it to be disclosed to Respondent.

Respondent may file a response to the motion for leave to proceed ex parte within **14 days** of the date that such motion is filed. In his response, Respondent may oppose both leave to proceed ex parte and the funding that is sought. Respondent should provide all pertinent state court records not already filed or produced by any party prior to that time, including any available records of payments for prior investigations, attorneys, or expert services regarding the same issues.

In light of the other deadlines in this case, counsel are encouraged to proceed as expeditiously as possible on any requests for funding. Counsel for Garcia are also advised to make proper disclosures in any ex parte proceeding of information that may be adverse to the client's position, which the lawyer reasonably believes the Court must know to make an informed decision. *See In re Thomas*, 337 B.R. 879, 894 (Bankr. S.D. Tex. 2006). Any information that should not be revealed publicly, even though not rising to the level of confidentiality warranting its consideration ex parte, may be filed under seal and otherwise properly disclosed to the opposing party.

**10. Proposed Findings.** Proposed Findings of Fact and Conclusions of Law shall be filed separately by each party on the same date as the Joint Prehearing Statement.

**11. Extensions.** Any party seeking to extend any deadline set out in this Order shall file a motion setting forth good cause before the expiration of the deadline sought to be extended.

IT IS SO ORDERED this 31st day of January, 2014.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS