IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| JOSEPH C. GARCIA, | § § | |
| Petitioner, | § § | |
| VS. | § § | No. 3:06-CV-2185-M |
| WILLIAM STEPHENS, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division | § § § § | (Death Penalty Case) |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

On February 19, 2014, Respondent filed his motion to cancel evidentiary hearing and alternative motion to limit the scope of evidentiary development ("Motion," ECF No. 68). Garcia has filed his response in opposition ("Response," ECF No. 72). The Court denies the motion to cancel the hearing, but partially grants the motion to limit its scope.

I

Respondent asserts that this Court should cancel the evidentiary hearing because it is precluded by 28 U.S.C. § 2254(e)(2). (Mot. at 3-12.) This part of the motion is **DENIED** without prejudice to its reconsideration, if necessary, after the procedural determination is made.

The opening clause of § 2254(e)(2) sets forth the application of this subsection: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing *on the claim* unless . . . ." *Id.* (emphasis added). The statute then sets forth the elements that must be satisfied if that subsection applies. The Court's prior order specified, however, that it was not conducting a hearing on the merits of any habeas claim. Instead, the hearing was granted on a preliminary procedural matter.

> Regardless of whether the limitation of § 2254(e)(2) applies to the consideration of the merits of a habeas claim, this Court may receive evidence on the threshold procedural determination of whether the exception to procedural bar applies. *See Schlup v. Delo*, 513 U.S. 298, 331 (1995) (discussing standards for district court in determining whether to hold an evidentiary hearing on exception to procedural bar); *House v. Bell*, 547 U.S. 518, 537 (2006) (noting that an evidentiary hearing was conducted by district court on exception).

(Order, ECF No. 66, at 3.) At the end of this part of the analysis, the Court explained its exercise of discretion as follows: "The Court exercises its discretion to conduct an evidentiary hearing on the determination of whether the exception to procedural bar created in *Martinez [v. Ryan*, 132 S. Ct. 1309 (2012),] applies to these claims." (ECF No. 66 at 5.) In the event that a claim is found to come within the exception to bar, the Court "may" consider the same evidence for another purpose, but that is a determination that has yet to be made.[1] The Court will not reach the merits of any claim that is barred and is not shown to come within an exception to bar.

Respondent has not addressed the actual basis for the hearing that was granted or the cases relied upon by the Court. Therefore, Respondent's arguments are inapposite to the reason that the hearing was granted and this part of the motion is **DENIED**, but it may be raised later in connection with the possible consideration of any such evidence if the threshold procedural showing is satisfied.

---

[1] The parties should come to the hearing prepared to address whether the limitation of § 2254(e)(2) prevents the Court from considering evidence that is presented at the hearing on the procedural issue to then also decide the merits of claims that are determined to be excused from procedural default. In his response, Garcia cites *Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000), in which the Court of Appeals explained:

> The Supreme Court in [*Williams v. Taylor*, 529 U.S. 420 (2000)] also linked the "failure to develop" inquiry with the cause inquiry for procedural default. *See id.* at [444] ("Our analysis [of § 2254(e)(2)] should suffice to establish cause for any procedural default petitioner may have committed in not presenting these claims to the Virginia courts in the first instance."). In this case, if Barrientes establishes cause for overcoming his procedural default, he has certainly shown that he did not "fail to develop" the record under § 2254(e)(2). Accordingly, if the district court determines that Barrientes has established cause and prejudice for his procedural default, it should proceed to conduct an evidentiary hearing on any claim for which cause and prejudice exists. It should then revisit the merits of any such claim anew.

*Id.* at 771 (footnote omitted).

II

Respondent also moves in the alternative to limit the scope of the hearing in several listed ways. (Mot. at 12-15.) The Court partially grants the alternative motion as set out below.

A

Respondent moves to exclude from this hearing the ineffective-assistance-of-counsel claim that was denied on the merits by the state court (Mot. at 12-13), that trial counsel failed to object to improper party conspiracy and inferred-intent instructions at the guilt/innocence phase of his trial (Am. Pet. at 71-77). Since the purpose of this hearing is to address a threshold procedural bar issue that does not apply to a claim that was adjudicated on the merits by the state court, there is no need to receive evidence on it at this hearing. In fact, evidence presented in such a hearing could not be considered in making the required determination under 28 U.S.C. § 2254(d) for a claim adjudicated on the merits in state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011). Therefore, Respondent's motion is **GRANTED** as it pertains to this claim.

B

Respondent also moves to exclude evidence from this hearing regarding claims of ineffective assistance of trial counsel that do not assert that he is "actually innocent of capital murder" under 28 U.S.C. § 2254(e)(2)(B). (Mot. at 13.) As with the first part of Respondent's motion, however, this argument does not address the actual basis for the hearing that was granted on the threshold procedural issue. Therefore, this part of the motion is also **DENIED** without prejudice to Respondent raising it later in connection with the possible consideration of any such evidence if the threshold procedural showing is satisfied.

C

Respondent also moves to exclude evidence regarding any new, unpresented claims.

(Mot. at 13-14.) To the extent that Respondent argues that claims not previously presented in this proceeding would now be time barred, the Court **GRANTS** this part of the motion. To the extent that Respondent argues that this Court should not consider a claim that was not presented to the state court in exactly the same way that it has been presented in this proceeding within the limitations period, that part is **DENIED**.

D

Respondent also argues that those claims that may be denied on the record should be excluded from the hearing. (Mot. at 14-15.) This Court will exclude from the hearing evidence on any claim where the state court record is fully adequate to resolve it.

Garcia complains that trial counsel failed to object to the trial court's grant of a challenge for cause of venire member Chmurzynski. (Am. Pet. at 43-52.) In his findings and recommendation to deny relief, the Magistrate Judge noted that the trial judge included in the record specific observations of the demeanor of this potential juror, showing that his personal difficulty would prevent or substantially impair the performance of his duties as a juror and that such observations supported the trial court's decision to excuse such juror, and that nothing in the record showed that an objection by trial counsel would have prevailed or preserved a meritorious claim for appeal. (Rec. at 20.) As to this claim, additional evidence would not appear to be necessary or helpful in showing that trial counsel acted deficiently.

Further, that claim is patently insufficient to show the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). To show prejudice in counsel's conduct in selecting a jury, a habeas petition must set forth specific factual allegations showing that a biased venire member actually served on the jury. *See Teague v. Scott*, 60 F.3d 1167, 1172-73 (5th Cir. 1995); *Clark v. Collins*, 19 F.3d 959, 965 (5th Cir. 1994). In alleging prejudice, Garcia does not attempt to show

that a biased venire member served. Instead, he makes a conclusory assertion that "[b]ut for these violations of the Mr. Garcia's constitutional rights to effective assistance of counsel, no rational jury would have found him guilty of capital murder, nor by clear and convincing evidence would have a jury answered the special issues in the state's favor." (Am. Pet. at 52.) Under the proper standard of prejudice, "conclusory assertions that a differently composed petit jury might have rendered a different verdict are far too speculative to support a finding of prejudice under *Strickland*." *Leal v. Dretke*, No. 5:99-cv-01301-WRF, 2004 WL 2603736 (W.D. Tex. Oct. 20, 2004). Since additional evidence would not authorize relief, this claim may be denied on the record that is before the Court. Respondent's motion to exclude this claim from the hearing is thus **GRANTED**.

Garcia also complains that trial counsel failed to object to a change in the normal state court method of jury selection, that appeared to favor only the prosecution. (Am. Pet at 52-61.) The Magistrate Judge found that trial counsel agreed to this change and that Garcia had not overcome the presumption of reasonable trial strategy. (Rec. at 21-22.) This claim also fails to allege prejudice under *Strickland*. Garcia claims that counsel's failure to object prejudiced him in that it "gave the prosecution a method to more intelligently use its peremptory strikes, in effect selecting a jury that is more death penalty prone, a practice prohibited by *Witherspoon v. Illinois*[, 391 U.S. 510 (1968)]." (Am. Pet. at 61.) *Witherspoon*, however, addressed a blanket exclusion of potential jurors who had conscientious scruples against the death penalty, an entirely different analysis. Garcia does not attempt to show that a biased venire member served on the jury but, again, makes conclusory assertions that fail to show prejudice under *Strickland*. *See Teague*, 60 F.3d at 1172-73; *Clark*, 19 F.3d at 965; *Strickland*, 466 U.S. at 695 (holding that the propensities of particular decision makers are irrelevant to the prejudice inquiry). Because

the allegations of the petition are patently inadequate to show prejudice on this claim, it may be denied on the record that is before the Court. Respondent's motion to exclude this claim from the hearing is thus **GRANTED**.

Regarding the other claims, this part of the motion is **DENIED**. Prior to *Martinez* and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Magistrate Judge expressed concern about the Court's inability to allow evidentiary development on some of these claims because they were procedurally barred and the failure of his state habeas counsel to develop this evidence in state court would then preclude Garcia from doing so in federal court under § 2254(e)(2). (Rec. at 18, 20-23, 25-26.) This changed with the creation of the new exception to procedural bar. Because the threshold standard for the exception is so low, *see Martinez*, 132 S. Ct. at 1319 (citing COA standard in *Miller-El v. Cockrell*, 537 U.S. 322 (2003)), the stakes in this death-penalty case are so high, and the resolution of issues may turn on a matter of degree, *e.g.*, how much missed mitigating evidence is enough, the Court is unwilling to deny Petitioner a meaningful opportunity to prove that a claim comes within the exception where there is a reasonable possibility that he could do so, and where valid questions exist regarding the adequacy of the record regarding such claim. *See Trevino*, 133 S. Ct. at 1918-21 (regarding the importance of allowing a meaningful opportunity to develop evidence that trial counsel was ineffective).

Garcia was charged with alternate theories of capital murder that had different *mens rea* requirements. Garcia complains that trial counsel was ineffective in failing to object to the prosecutor's argument that the jurors did not need to agree on the elements of capital murder (Am. Pet. at 61-66), for failing to object to the State's mischaracterization of evidence and improper argument at closing (Am. Pet. at 66-68), for failing to request an anti-parties instruction in the punishment phase of his trial that would have been granted and prevented the jury from

assessing the death penalty based on the conduct of others (Am. Pet. at 68-71), and for failing to investigate and present certain mitigating evidence at his trial (Am. Pet. at 77-83). Because the resolution of these claims may depend on evidence that may not be available to Garcia absent the means to compel it, such as trial counsel's actual knowledge of facts and law to support the reasonableness of his strategic decisions, the nature of these proceedings favors providing Petitioner the opportunity to do so.

E

Respondent also requests that "any live testimony should be limited to the testimony of Garcia's trial counsel and, potentially, state habeas counsel." (Mot. at 15.) In support, Respondent argues that expert testimony would be unnecessary and inappropriate because it would not assist the Court in understanding the evidence or determining a fact in issue, such as strategic choices made by Garcia's trial and state habeas counsel. Respondent also references this Court's stated preference for written exhibits in lieu of live testimony of witnesses other than the trial and state habeas counsel.

Garcia argued in response to this portion of the motion that, in order to address his state writ counsel's ineffectiveness, he "expects to present expert testimony regarding his claims that addresses the performance of his trial and state writ counsel, as well as evidence regarding the standard of care for state habeas counsel." (Resp. at 5.) Garcia does not explain why live testimony, as opposed to affidavits or other documents, would not provide all that he needs to make this threshold showing. Therefore, it does not appear that live testimony from anyone other than trial and state habeas counsel is necessary.[2] This part of Respondent's motion is thus

---

[2] Although Respondent argues that expert testimony would be unnecessary and inappropriate (Mot. at 15), he does not ask the Court to decide the admissibility of expert testimony on this issue, and the Court declines to do so *sua sponte*. See *Johnson v. Quarterman*, No. 4:05-CV-3581, 2007 WL 2891978 (S.D. Tex. Sept. 28, 2007), *aff'd*, 306 Fed. App'x 116 (5th Cir. 2009). Although this order does not decide whether expert testimony will be admitted at

GRANTED.

III

Respondent's motion to cancel the evidentiary hearing and alternative motion to limit the scope of evidentiary development (ECF No. 68) is **DENIED IN PART** and **GRANTED IN PART** as follows. Respondent's request that the Court hold the evidentiary hearing is prohibited by 28 U.S.C. § 2254(e)(2) (Mot. at 3-12) is **DENIED** without prejudice to its reconsideration when the Court decides whether evidence presented at the hearing may be considered in addressing the merits of a claim that is shown to come within an exception to procedural bar. Respondent's request to exclude evidence pertaining to the claim that was denied on the merits by the state court (Mot. at 12-13) is **GRANTED**. Respondent's request to exclude any claim not presented in these proceedings (Mot. at 13-14) is **GRANTED** to the extent that the hearing is limited to claims presented in these proceedings within the limitations period. Respondent's request to exclude the live testimony of witnesses other than trial counsel and state habeas counsel (Mot. at 15) is also **GRANTED**. The remainder of Respondent's motion is **DENIED**.

IT IS SO ORDERED this 15th day of April, 2014.

_Barbara M. G. Lynn_
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

the hearing, nothing in this order relieves a party from the duty under the prior orders of this Court to timely disclose experts.