UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH C. GARCIA,<br>　　　　　Petitioner, | §<br>§<br>§ | |
| V. | §<br>§ | Civil Action No. 3:06-CV-2185-M |
| WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br>　　　　　Respondent. | §<br>§<br>§<br>§<br>§ | (Death Penalty Case) |

MEMORANDUM OPINION AND ORDER
ACCEPTING AND MODIFYING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND
<u>DENYING A CERTIFICATE OF APPEALABILITY</u>

Petitioner Joseph C. Garcia ("Petitioner" and "Garcia") has filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254. (Pet., doc. 15; Am. Pet., doc. 20.) Respondent William

Stephens has answered in opposition. (Ans., doc. 34.) In his Findings, Conclusions and

Recommendation to deny relief ("Recommendation," doc. 42), the United States Magistrate Judge

commented that, though finding that Garcia had failed to prove certain claims, Garcia may not have

been afforded an opportunity to compel production of the evidence that was needed. (Rec. at 22-23,

25-26.) Garcia made objections ("Objections," doc. 45) to the Recommendation and requested that

this Court delay these proceedings to consider Supreme Court cases that ultimately created a new

exception to procedural bar. This Court granted Garcia the opportunity to prove that any of his

claims came within the new exception, but he has not made the required showing. Therefore,

following this Court's *de novo* review of those portions of the Recommendation to which objection

was made, the Court **OVERRULES** Garcia's objections, **ACCEPTS** the Recommendation as

modified by this Order, and **DENIES** Garcia's application for a writ of habeas corpus.

I

Garcia is a Texas inmate convicted of capital murder and sentenced to death for the murder

of police officer Aubrey Hawkins during the robbery of a sporting-goods store on Christmas Eve of

2000 with six others who escaped from a Texas prison.[1]  In accordance with the jury's answers to

the special issues, Garcia was sentenced to death on February 13, 2003. *State v. Garcia,* No. F01-

00325-T (283rd Dist. Ct., Dallas County, Texas).  Garcia's conviction and sentence were affirmed

on direct appeal. *Garcia v. State*, No. AP-74,692, 2005 WL 395433 (Tex. Crim. App. Feb. 6, 2005).

While his direct appeal was pending, Garcia filed an application for habeas-corpus relief in the state

trial court on December 14, 2004.  (Vol. 1, State Habeas Record ("SHR"), at 2.)  The state trial court

issued its findings of fact and conclusions of law on February 15, 2006, recommending that habeas

relief be denied.  (2 SHR 358-482.)  Those findings were adopted by the Texas Court of Criminal

Appeals ("CCA") on November 15, 2006. *Ex parte Garcia*, WR-64,582-01, 2006 WL 3308744.

On November 13, 2007 (Pet., doc. 15), after federal habeas counsel was appointed, Garcia

filed a petition for habeas relief, along with an agreed motion to abate these proceedings to allow him

to return to state court to exhaust certain claims (Mot., doc. 16).  The motion was granted and these

proceedings were abated from December 4, 2007 (Order, doc. 17), until April 2, 2008, when Garcia

filed a motion to reopen (doc. 18) with his Amended Petition (Am. Pet., doc. 20).  These proceedings

were then reopened (Order, doc. 25) and referred to the United States Magistrate Judge, who made

his Recommendation to deny relief on November 1, 2011.  (Rec., doc. 42.)  After an extension was

granted, Garcia filed his objections (Obj., doc. 45) to the Recommendation.

---

[1]These details are agreed upon by the parties.  Garcia concurred in the first two of Respondent's proposed findings of fact ("R's FoF," doc. 93, at 7) and included more detail. (Garcia's proposed Findings of Fact, "P's FoF," doc. 95, at 3.)

Following the Supreme Court's opinion in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), creating a new exception to procedural bar, these proceedings were suspended until the Supreme Court's decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), which applied the *Martinez* exception to Texas cases. This Court then conducted an evidentiary hearing to allow Garcia to prove that any of his potentially eligible claims would come within the newly created exception to procedural bar. Based on the supplemental briefing by the parties, and the evidence and arguments presented at the hearing, the Court finds that Garcia has not shown that any of his claims come within the exception to procedural bar created in *Martinez*.

## II

In his amended petition for federal habeas corpus relief, Garcia presents seven grounds for relief, some of which include multiple claims. The first four grounds for relief are based solely on the record and include complaints that (1) the mitigation special issue failed to place the burden of proof on the prosecutor, (2) the terms used in the special issues are unconstitutionally vague, (3) the requirement that ten jurors agree in order to answer the mitigation special issue "no" violates due process, and (4) the failure of the CCA to engage in a proportionality review violated due process. In his fifth ground for relief, Garcia complains that he was deprived of the constitutionally guaranteed effective assistance of counsel at trial in failing to:

(1) object to the prosecutor's challenge of a qualified juror for cause,

(2) object to a change in jury selection procedure that favored the prosecution,

(3) object to the prosecutor's argument that the verdict on guilt need not be unanimous,

(4) object to the prosecutor's mischaracterization of evidence at closing,

- 3 -

(5) request an anti-parties charge in punishment,

(6) object to improper party conspiracy and inferred intent instructions at the guilt/innocence phase, and

(7) properly investigate and present certain mitigating evidence.

(Am. Pet. at 40-83.)  In his sixth ground for relief, Garcia complains that appellate counsel was ineffective in failing to:

(1) raise the trial court's improper exclusion of a qualified juror,

(2) complain that jury selection was conducted in violation of a Texas statute,

(3) properly brief an issue regarding extraneous offense evidence,

(4) complain of improper jury instructions regarding intent at guilt/innocence phase,

(5) raise as error the prosecutor's mischaracterization of evidence at closing, and

(6) raise the denial of a motion to suppress evidence obtained with invalid warrants.

(Am. Pet. at 83-115.)  In his final ground for relief, Garcia complains that his state habeas counsel was ineffective for failing to raise the deficiencies of trial and appellate counsel in the state habeas proceeding. (Am. Pet. at 116-127.)  This was presented as an independent claim for relief, but is also argued to avoid a procedural bar to other claims.

In his objections to the Recommendation of the Magistrate Judge, Garcia briefly reasserted the record claims in the first group to preserve them for appeal (Obj. at 13-14), but emphasized that the ineffective assistance of state habeas counsel should excuse any procedural bar to his claims of ineffective assistance of trial and appellate counsel, arguing that these proceedings should be stayed until the Supreme Court decided *Martinez v. Ryan*.  (Obj. at 1-13.)  These allegations were subsequently considered by this Court in determining whether any of his claims of ineffective

- 4 -

assistance of trial counsel could fall within the exception to procedural bar created in *Martinez*. Each of Garcia's objections are considered in this *de novo* review of his claims.

## III

Federal habeas review of these claims is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), setting forth preliminary requirements that must be satisfied before reaching the merits of a claim made in these proceedings.

### A. Exhaustion

Under the AEDPA, a federal court may not grant habeas relief on any claim that the state prisoner has not exhausted in the state corrective process available to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(A); *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). The federal court may, however, deny relief on the merits notwithstanding any failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005).

### B. State-Court Procedural Determinations

If the state court denies the claim on state procedural grounds, a federal court will not reach the merits of those claims if it determines that the state law grounds are independent of the federal claim and adequate to bar federal review. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). If, however, the state procedural determination is based on state grounds that were inadequate to bar federal habeas review, or if the habeas petitioner shows that an exception to the bar applies, the federal court must resolve the claim without the deference AEDPA otherwise requires. *See Miller v. Johnson*, 200 F.3d 274, 281 n.4 (5th Cir.2000) ("Review is *de novo* when there has been no clear adjudication on the merits.") (citing *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997)); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) ("the AEDPA deference scheme outlined in 28

U.S.C. § 2254(d) does not apply" to claims not adjudicated on the merits by the state court);

*Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (the AEDPA deferential standard would not

apply to a procedural decision of the state court).

## C. State-Court Merits Determinations

If the state court denies the claim on the merits, a federal court may not grant relief unless

it first determines that the state court unreasonably adjudicated the claim, as defined in § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim——
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

*Id.* In the context of § 2254(d) analysis, "adjudicated on the merits" is a term of art referring to a

state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*,

116 F.3d 1115, 1121 (5th Cir. 1997). This provision does not authorize habeas relief, but restricts

this Court's power to grant relief to state prisoners by barring the relitigation of claims in federal

court that were not unreasonably denied by the state courts. The AEDPA limits, rather than expands,

the availability of habeas relief. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007); *Williams v. Taylor*, 529

U.S. 362, 412 (2000). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the

merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Richter*, 131 S.

Ct. at 784. "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court

- 6 -

rulings, which demands that state-court rulings be given the benefit of the doubt.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (internal citations omitted) (quoting *Richter*, 131 S. Ct. at 786, and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

Under the "contrary to" clause, a federal court is not prohibited from granting federal habeas relief if the state court either arrives at a conclusion contrary to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. at 412-13; *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. The Supreme Court has repeatedly reaffirmed the high and difficult standard that must be met.

> "'[C]learly established Federal law'" for purposes of § 2254(d)(1) includes only "'the holdings, as opposed to the dicta, of this Court's decisions.'" And an "unreasonable application of" those holdings must be "'objectively unreasonable,'" not merely wrong; even "clear error" will not suffice. Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*White v. Woodall*, 134 S. Ct. 1697, 1702 (Apr. 23, 2014) (citations omitted).

Federal habeas relief is not available on a claim adjudicated on the merits by the state court, unless the record before the state court satisfies § 2254(d). "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was

before that state court." *Pinholster*, 131 S. Ct. at 1400.  The evidence required under § 2254(d)(2) must show that the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

IV

### A. Record Claims

In the first four grounds for relief in his Amended Petition for federal habeas corpus relief, Garcia presents claims based on the record before the state court.  Three of these claims attack the trial court's instructions to the jury in the punishment phase of his trial.  In his first ground for relief, Garcia complains that the mitigation special issue failed to place the burden of proof on the state. (Am. Pet. at 24-28.)  In his second ground for relief, Garcia complains that the terms used in the special issues are unconstitutionally vague.  (Am. Pet. at 28-33.)  In his third ground for relief, Garcia complains that the requirement that ten jurors agree in order to answer the mitigation special issue "no" violates due process. (Am. Pet. at 33-37.)  In his fourth ground for relief, Garcia contends that the failure of the CCA to engage in a proportionality review violated due process.  (Am. Pet. at 38-40.)  The Magistrate Judge found, and Garcia concedes, that these claims are foreclosed by Fifth Circuit precedent.   (Rec. at 7-8; Obj. at 13-14.)   The Court agrees and **ACCEPTS** the Recommendation as to these claims.  Garcia's first four grounds for relief are **DENIED** for lack of merit.

### B. Ineffective Assistance of Constitutionally Guaranteed Counsel

In his fifth and sixth grounds for relief, Garcia complains that he was deprived of the constitutionally guaranteed effective assistance of counsel at his trial and in his direct appeal.  The Recommendation correctly set forth the two-prong standard under *Strickland v. Washington,* 466

- 8 -

U.S. 668 (1984), for analysis of a claim of ineffective assistance of counsel. (Rec. at 14-15.) The Magistrate Judge found that one of these claims had been denied on the merits by the state court, and recommended that this claim be denied. (Rec. at 14-18.) The Magistrate Judge also found that the remaining claims in this group were procedurally barred and, because the procedural bar was not clearly asserted, followed the procedure for raising the procedural bar *sua sponte*. (Rec. at 12-14.)

### 1. Complaints Against Trial Counsel

Garcia's fifth ground for relief asserts that his trial counsel provided ineffective assistance. After the Recommendation was made, the Supreme Court created an equitable exception to procedural bar in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), for substantial claims of ineffective assistance of trial counsel that were not presented to the state court due to the ineffective assistance of state habeas counsel. In *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the Supreme Court applied this new exception to Texas cases. Following these opinions, the Court scheduled an evidentiary hearing (the "*Martinez* hearing") to afford Garcia an opportunity to prove that any of his claims that trial counsel was ineffective would come within the new exception to bar.

At the hearing, it was established that Garcia was represented at trial by three qualified attorneys, two of whom had extensive experience in capital and death penalty litigation, and who were assisted by a highly qualified investigator.[2] Garcia was represented in his state habeas proceedings by an attorney with ample experience in prior death penalty cases, and who filed on Garcia's behalf a 125-page application for habeas relief with 46 claims for relief, including claims

---

[2]Garcia concurred in the fourth through seventh, and almost all of the ninth, of Respondent's proposed findings of fact that confirmed these details. (R's FoF at 8; P's FoF at 3.)

of ineffective assistance of trial counsel.[3] Based on the record before this Court and evidence presented at the hearing, the Court finds that none of Garcia's claims come within the exception to procedural bar created in *Martinez*.

### a. *Failure to Object to Excusal of Venireperson*

Garcia complains that trial counsel were ineffective for failing to object to the prosecutor's challenge of potential juror David Chmurzynski for cause. (Am. Pet. at 43-52.) The Magistrate Judge found that this claim had been dismissed by the state court on the independent and adequate state procedural ground of abuse-of-the-writ under Article 11.071 § 5 of the Texas Code of Criminal Procedure. (Rec. at 10-14.) In the alternative, the Magistrate Judge found that Garcia had not shown that counsels' performance was deficient or that an objection would have prevailed. (Rec. at 18-21.) This Court granted the Respondent's motion to exclude this claim from the *Martinez* hearing in light of the record indicating that this venireperson expressed difficulties that would prevent or substantially impair his performance as a juror, and the absence of any specific factual allegations that a biased juror actually served on this jury, that an objection would have prevailed, or that an objection would have preserved a potentially meritorious claim for appeal. (Order Limiting Hearing, doc. 74, at 4-5.) Because the allegations of this claim could not support relief, it has no merit and is not "substantial" under *Martinez*. 132 S. Ct. at 1318. Because the claim lacks merit, state habeas counsel could not have been ineffective for failing to raise it. *See Garza v. Stephens,* 738 F.3d 669, 676 (5th Cir. 2013) (agreeing with the district court that "habeas counsel was not ineffective in failing to raise [a] claim at the first state proceeding" because "there was no merit to [the

---

[3]Garcia concurred in the eighth through twelfth of Respondent's proposed findings of fact that confirmed these details, except for changing the word "trials" to "cases." (R's FoF at 8-9; P's FoF at 3-4.)

petitioner's] claim"); *Beatty v. Stephens,* 759 F.3d 455, 466 (5th Cir. 2014).  Therefore, neither of the elements of *Martinez* could be satisfied, and the Recommendation to dismiss it is accepted, as modified by this Order.  This claim is **DISMISSED** as procedurally barred and, in the alternative, is **DENIED** for lack of merit.

### b.  Failure to Object to Change in Jury Selection Procedures

Garcia complains that trial counsel was ineffective for failing to object to a change in the jury selection procedures that favored only the prosecution.  (Am. Pet at 52-61.)  The Magistrate Judge found that this claim had been dismissed by the state court on the independent and adequate state procedural ground of abuse-of-the-writ under Article 11.071 §5 of the Texas Code of Criminal Procedure.  (Rec. at 10-14.)  In the alternative, the Magistrate Judge found that trial counsel agreed to this change and that Garcia had not overcome the presumption of reasonable trial strategy.  (Rec. at 21-22.)  This Court granted the Respondent's motion to exclude this claim from the *Martinez* hearing because it did not allege prejudice in that a biased venire member served on the jury but, as with the prior claim, makes conclusory assertions that are incapable of constituting prejudice under *Strickland.*  (Order Limiting Hearing at 5-6.)  Because the allegations of this claim could not support relief, it is not substantial under *Martinez,* 132 S. Ct. at 1318, and state habeas counsel could not have been ineffective for failing to raise it.  *See Garza,* 738 F.3d at 676.  Therefore, neither of the elements of *Martinez* could be satisfied, and the Recommendation to dismiss it is accepted, as modified by this Order and the Order Limiting Hearing.  This claim is **DISMISSED** as procedurally barred and, in the alternative, is **DENIED** for lack of merit.

### c.  Failure to Object to Prosecutor's Misstatement of Law

Garcia complains that trial counsel was ineffective for failing to object to the prosecutor's closing argument in the guilt/innocence stage that the jurors did not need to agree on the indicted theory of capital murder in order to find Garcia guilty.[4] (Am. Pet. at 61-66.) The Magistrate Judge found that this claim had been dismissed by the state court on the independent and adequate state procedural ground of abuse-of-the-writ under Article 11.071 §5 of the Texas Code of Criminal Procedure. (Rec. at 10-14.) In the alternative, the Magistrate Judge found that this decision not to object to closing argument was a matter of trial strategy that was not shown to be deficient. (Rec. at 22.) The Court granted Garcia the opportunity at the *Martinez* hearing to prove this claim, but he did not show that the prosecutor's argument misstated the law and that an objection would have prevailed.

State habeas counsel did not assert an ineffective-assistance-of-trial-counsel claim, but raised similar complaints against the lack of unanimity required by the jury charge (1 SHR 63-78; Tr. at 125-26), which were denied by the state court as procedurally barred and, alternatively, as lacking merit. (2 SHR 391-410.) The state court determined that Garcia's jury charge did not permit a non-unanimous verdict, but that Garcia was charged and convicted of committing only one crime under state law–the capital murder of Aubrey Hawkins–even though different theories were provided for the jury regarding how that crime was committed. (2 SHR 392-97.) The state court noted that, under its precedent, "when an indictment charges different theories under which a defendant committed a single capital murder, the jury need not agree on which theory has been proven." (2 SHR 395 (citing *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).) This precedent

---

[4]Garcia concurred in the nineteenth through twenty-first of Respondent's proposed findings of fact that confirmed the pertinent jury instructions and prosecutor's argument. (R's FoF at 10; P's FoF at 4.)

followed *Schad v. Arizona,* 501 U.S. 624, 630-31 (1991), in which the Supreme Court upheld a conviction based on a general verdict that did not require the jury to agree on whether the defendant had committed premeditated murder or felony murder because Arizona characterized first-degree murder "as a single crime as to which a verdict need not be limited to any one statutory alternative."

In the same way, Texas jury instructions charging alternate means of committing capital murder in the same application paragraph merely set forth differing methods of committing the same offense. "It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted." *Kitchens,* 823 S.W.2d at 258.

Respondent argues that this matter of state law has been determined adversely to Garcia and is binding on the federal court. (Tr. at 163; R's FoF at 29.) This Court agrees. Federal courts in habeas proceedings do not sit in review of a state court's determination of its own laws. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Further, a counsel's failure to object to a matter of state law that has been determined adversely to the petitioner by the state court cannot support an ineffective assistance of counsel claim in federal court. *See Paredes v. Quarterman,* 574 F.3d 281, 291 (5th Cir. 2009).

In his petition, Garcia argued that the opinion in *United States v. Holley,* 942 F.2d 916 (5th Cir. 1991), supports his position. (Am. Pet. at 64 n.177.) *Holley* is distinguishable in that it addressed whether a federal jury instruction required unanimity and was not addressing whether a

- 13 -

state may permissibly determine that its law provides multiple ways of committing a single offense. Even so, Garcia has not made the showing that would be necessary to prevail under *Holley*.

Holley was charged with multiple false statements and, to secure a conviction on the various themes, the government was required to prove different facts to show the knowing falsity of each statement. The United States Court of Appeals for the Fifth Circuit noted the rule in support of a general verdict when numerous factual bases for criminal liability are alleged, but held that this rule failed where "there exists a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts." *Id.* at 926. The Court of Appeals later observed, in an unpublished opinion, that a "unanimity-of-theory instruction is a constitutional right only when 'evidence to the contrary' undermines the expectation that a general unanimity instruction suffices," and that a "habeas petitioner claiming ineffective assistance of counsel, therefore, must allege more than a duplicitous indictment. He must identify facts and circumstances that raise 'a genuine risk' of juror confusion." *United States v. Tucker,* 434 F. App'x 355, 360 (5th Cir. 2011). Garcia has not attempted to do so, despite the opportunities afforded in these proceedings.

At the evidentiary hearing, trial and state habeas counsel testified that the prosecutor's closing argument was entirely consistent with state law.[5] (Tr. at 22-23, 32-33, 69-70, 124- 28.) Garcia's examination did not attempt to impeach that position, or suggest any risk of juror confusion, but focused on whether counsel should have made objections that the law does not yet require, in order to promote a change in the law on appeal. (Tr. at 24-25, 33-35.) During the evidentiary

---

[5]Garcia concurred in the twenty-second of Respondent's proposed findings that "Garcia's trial counsel testified that they did not object to the prosecutor's closing argument because it was a correct statement of the law." (R's FoF at 10; P's FoF at 4.)

hearing, the Court specifically asked Garcia's counsel how the failure to object to the prosecutor's argument could be ineffective assistance under *Strickland* if it was not in conflict with state law, and counsel responded, "I would just reurge what we've briefed on the issue. I don't have anything to add to it." (Tr. at 151.)  Even if *Holley* were to apply to this matter of state law, Garcia has not shown a genuine risk of juror confusion on the issue that mandates constitutional remediation.

Garcia has not shown that the law at the time actually required or even supported the objection, but argues that an assiduous attorney would have attempted to change the law through an objection.  Garcia has not shown that his ineffective assistance claim is substantial under *Martinez.* "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994).  Further, state habeas counsel would not have been ineffective for failing to raise a meritless claim in the state habeas proceedings. *See Garza,* 738 F.3d at 676.  Neither of the elements of *Martinez* are satisfied and the Recommendation is thus accepted, as modified by this Order.  This claim is **DISMISSED** as procedurally barred and, in the alternative, is **DENIED** for lack of merit.

### d. Failure to Object to Prosecutor's Misstatement of Evidence

In his petition, Garcia complained that trial counsel was ineffective for failing to object to the prosecutor's statement that Garcia had threatened to kill, contending it was a mischaracterization of the testimony.  (Am. Pet at 66-68.)  The Magistrate Judge found that this claim had been dismissed by the state court on the independent and adequate state procedural ground of abuse-of-the-writ under Article 11.071 §5 of the Texas Code of Criminal Procedure.  (Rec. at 10-14.)  In the alternative, the Magistrate Judge found that the decision to not object to closing argument was a matter of trial strategy that was not shown to be deficient.  (Rec. at 22.)

- 15 -

At the *Martinez* hearing, Garcia withdrew this claim. Counsel explained that, in reviewing the claim in preparation for the hearing, they determined that the prosecutor's argument "was not a misstatement of the testimony." (Tr. at 3-4.) Because it is withdrawn, the Court will dismiss the claim; in the alternative, the Recommendation is accepted, as modified by this Order. This claim is **DISMISSED** as withdrawn, and alternatively as procedurally barred, or **DENIED** for lack of merit.

### e. Failure to Request an Anti-Parties Charge

Garcia complains that trial counsel was ineffective for failing to object to the lack of an anti-parties instruction to the jury in the punishment stage of his trial. (Am. Pet. at 68-71.) He argues that he would have been entitled to such an instruction if he had requested it, that the jury consider only his individual moral culpability in determining punishment, because he had been found guilty under instructions that allowed for criminal liability as a party. (Am. Pet. at 68-69.) The Magistrate Judge found that this claim had been denied by the state court on the independent and adequate state procedural ground of abuse-of-the-writ under Article 11.071 §5 of the Texas Code of Criminal Procedure. (Rec. at 10-14.) In the alternative, the Magistrate Judge considered the language of Special Issue No. 2,[6] and noted Circuit precedent that the Texas special issues focused the jury on

---

[6]Garcia concurred in the twenty-third of Respondent's proposed finding that "Garcia's jury received the following charge at the punishment phase of trial:

Special Issue No. 2
Do you find from the evidence beyond a reasonable doubt that the defendant, JOSEPH C. GARCIA, actually caused the death of the deceased, Aubrey Hawkins, or did not actually cause the death of the deceased but intended to kill the deceased or anticipated that a human life would be taken?

(R's FoF at 11; P's FoF at 5.)

the individual conduct of the defendant and that this structure made a separate anti-parties charge unnecessary. (Rec. at 22-23 (citing *Westley v. Johnson,* 83 F.3d 714, 723 (5th Cir. 1996)).)

The Court granted Garcia the opportunity at the *Martinez* hearing to prove this claim, but no factual or legal basis was presented at the hearing for requiring that the jury instructions include a separate anti-parties charge in addition to the special issues that were given. Trial and state habeas counsel testified that the existing law did not require any such separate instruction.[7] (Tr. 45-47, 70-71, 130-31, 141.) Garcia's examination of counsel did not attempt to impeach this position, but focused on the need to make an objection to promote a change in existing law. (Tr. at 47-48, 75-76, 142-43.) During the evidentiary hearing, Garcia's counsel was specifically asked whether there was anything to suggest than an objection to the lack of a separate anti-parties instruction would have been proper, but no other support was provided. (Tr. at 151-52.) Garcia's counsel acknowledged Special Issue No. 2, and stated that Garcia's issue is "why would they not preserve something via an objection in the hopes of . . . trying to change the case law on that." (Tr. at 152.)

It does not appear to be disputed that the law as it existed did not require or support the objection. The failure to make a meritless objection is not ineffective assistance of counsel. *See Clark,* 19 F.3d at 966. Because the allegations of this claim could not support relief, it is not substantial under *Martinez,* 132 S. Ct. at 1318, and state habeas counsel could not have been ineffective for failing to raise a meritless claim. *See Garza,* 738 F.3d at 676. Therefore, neither of the elements of *Martinez* could be satisfied and the Recommendation is accepted, as modified by this

---

[7]Garcia concurred in the twenty-fifth of Respondent's proposed findings, that "Trial counsel testified that they did not request any further 'anti-parties' charge because Garcia was not entitled to any further charge." (R's FoF at 11; P's FoF at 5.)

Order. This claim is **DISMISSED** as procedurally barred and, in the alternative, is **DENIED** for lack of merit.

### *f. Failure to Object to Party Conspiracy and Inferred Intent Instructions*

Garcia complains that trial counsel was ineffective for failing to object to improper party conspiracy and inferred intent instructions at the guilt/innocence phase. (Am. Pet. at 71-77.) As the Magistrate Judge found, this claim had been denied by the state court on the merits.[8] (Rec. at 17.) Therefore, to obtain federal habeas relief, Garcia must demonstrate that the state court's decision on the ineffective assistance claim was contrary to, or an unreasonable application of, the standards set forth under *Strickland. See Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2003). This makes federal habeas review of a state court's denial of such a claim "doubly deferential." *Pinholster,* 131 S. Ct. at 1403.

Garcia's claim depends on a determination that the jury instruction was legally improper and subject to objection. As noted by the Magistrate Judge (Rec. at 17) and set out above, *see supra* Section IV, B, 1, c, this jury charge was found to be proper by the state court. Garcia has not otherwise shown that this determination violated a federal constitutional requirement. And the fact that this matter of state law has been determined adversely to Garcia means it cannot support an ineffective-assistance-of-counsel claim in federal court. *See Paredes,* 574 F.3d 921. The state court's decision was not an unreasonable application of federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). The Recommendation to deny relief is thus accepted, and this claim is **DENIED**.

---

[8]Garcia concurred in the twenty-eighth and twenty-ninth of Respondent's proposed findings that set forth the state court's rejection of the merits of this claim. (R's FoF at 12; P's FoF at 6.)

### g. *Failure to Investigate and Present Mitigating Evidence*

In his final complaint against trial counsel, Garcia complains that counsel were ineffective for failing to investigate and present certain mitigating evidence at the punishment stage of his trial. (Am. Pet. at 77-83.) The Magistrate Judge found that this claim had been denied by the state court on the independent and adequate state procedural ground of abuse-of-the-writ under Article 11.071 §5 of the Texas Code of Criminal Procedure. (Rec. at 10-14.) In the alternative, the Magistrate Judge noted that Garcia frames the claim as a failure to obtain a mitigation specialist, but that the record before this Court shows that trial counsel obtained the services of experts with qualifications that favorably compare with the qualifications of the mitigation expert now presented. (Rec. at 23, 25.) The Magistrate Judge also found that Garcia has not shown that any of the information uncovered by his current mitigation investigator was unknown to trial counsel at the time of trial or that the expert assistance trial counsel received was deficient, particularly in light of the record indicating that the critical information referenced in the petition was extensively placed before the jury at trial. (Rec. at 25-26.)

The Magistrate Judge acknowledged, however, that Garcia had not been afforded the opportunity to discover what was known to trial counsel to prove the claim. (Rec. at 25-26.) Following *Martinez,* this Court granted a hearing to allow Garcia the opportunity to prove that this claim is substantial and that state habeas counsel was ineffective for not presenting it to the state court. At the hearing, the mitigating evidence that was identified as not having been presented at

trial was that during the second time that Garcia was in New York, after his mother had abandoned him there, he had been sexually abused.[9]

It is undisputed that Garcia did not reveal any information concerning the sexual abuse to trial counsel or to either of the mental health experts that had been appointed to aid the defense by examining Garcia and offering expert testimony at his trial. (Tr. at 148-49.) It is also undisputed that the only ones that would have known of the abuse were Garcia and the perpetrator, and that the trial court would not have allowed Garcia's mental health experts to testify regarding such events unless they were corroborated. (Tr. at 153-57.) Even in the seven years since federal habeas counsel was appointed during which time they apparently received this information from Garcia, and with the opportunity to present it at the *Martinez* hearing, no corroboration has been presented to this Court or shown to have been available to trial counsel. Therefore, even if Garcia had disclosed the asserted sexual abuse to his mental health experts, they would not have been permitted to testify regarding such an uncorroborated event. In light of Garcia's decision to not testify at his trial, he has not shown how this evidence could have been presented to the jury at his trial even if it occurred and had been disclosed to his counsel and experts.

---

[9]At the *Martinez* hearing, Garcia's counsel examined the trial counsel responsible for the mitigation case about the "one thing" that the federal habeas investigator found not to be in the evidence presented to the jury "and that concerned Mr. Garcia being sexually abused while he was in New York City." (Tr. at 39.) Garcia previously alleged that he had also witnessed violent acts including a murder during that time (Am. Pet. at 80) and included witnessing a murder in his proffer of testimony (Tr. at 149). No details have been provided about such murder, however, except that it occurred while he walked in a park. (Psychosocial History by Knox, at 10.) Garcia made no effort to examine trial counsel about the murder, and there is no indication that it had any impact on Garcia or that evidence of it would have enhanced the mitigation case presented at trial. In fact, neither of the parties' proposed findings of fact even mentioned it. Therefore, Garcia does not appear to rely upon evidence of this murder in his complaint against trial counsel's mitigation investigation and presentation. The Court's analysis focuses, instead, on the evidence that Garcia does appear to rely upon, that he was sexually abused during that same time period.

It is disputed, however, that the abuse actually occurred. Trial counsel Bradley Lollar testified that in the records of Child Protective Services, Garcia denied that he had suffered any sexual abuse.[10] (Tr. at 62.) Garcia's proffer of testimony included the statement that Garcia believed those CPS records were incorrect, but that even if they were not, he would have been 12 to 14 years old when he made the statement. (Tr. at 149.) Garcia provided no details concerning the alleged sexual assault except to identify the abuser as the younger brother of his mother's boyfriend Papa Calo, with whom he shared a room. (Psychosocial History by Knox at 10, 23; Tr. at 156.)

The Court finds that counsel reasonably investigated potential mitigating evidence and reasonably relied upon the information received, including Garcia's statements in the CPS records, in making decisions regarding the most fruitful places to focus the defense team's limited investigative resources. Therefore, Garcia has not shown how trial counsel's performance was deficient. Instead, as noted by the Magistrate Judge, much of Garcia's claim constitutes the type of second-guessing of investigative strategy that is precisely the inquiry this Court must avoid under *Strickland*. (Rec. at 26 (citing *Granados v. Quarterman*, 455 F.3d 529, 534 (5th Cir.2006)).) The Court also finds that, if such abuse occurred, Garcia has not shown how it would have been corroborated and come into evidence before the jury. Further, no details regarding the alleged sexual abuse were presented to the Court, and there is no indication that the abuse was severe or would have added materially to the extensive mitigation case presented at trial. Therefore, Garcia has not shown how he could satisfy the prejudice prong of *Strickland*.

---

[10]Bradley Lollar testified that he was primarily responsible for the mitigation investigation and presentation at the punishment stage. (Tr. at 28, 35-36.)

Because the allegations of this claim could not support relief, it is not substantial under *Martinez*, 132 S. Ct. at 1318, and state habeas counsel could not have been ineffective for failing to raise it. *See Garza*, 738 F.3d at 676. Therefore, neither of the elements of *Martinez* could be satisfied and the Recommendation is accepted, as modified by this Order. This claim is **DISMISSED** as procedurally barred and, in the alternative, is **DENIED** for lack of merit.

### 2. *Complaints Against Appellate Counsel*

In his sixth ground for relief, Garcia complains that appellate counsel provided ineffective assistance in six listed ways. (Am. Pet. at 83-115.) The Magistrate Judge found that these claims were denied by the state court on the independent and adequate state procedural ground of abuse-of-the-writ under Article 11.071 §5 of the Texas Code of Criminal Procedure. (Rec. at 10-14.) The exception to procedural bar created in *Martinez* is limited to claims of ineffective assistance of trial counsel and may not excuse a procedural bar of claims that appellate counsel was ineffective. *See Reed v. Stephens*, 739 F.3d 753, 778 n.16 (5th Cir. 2014); *but see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (holding that *Martinez* extends to claims of ineffective assistance of appellate counsel). Therefore, none of these claims were included in the *Martinez* hearing, even though some of the same issues were presented.

The Magistrate Judge correctly analyzed the merits of each of these claims, in the alternative. (Rec. at 26-31.) Regarding Garcia's claim that appellate counsel failed to raise points of error on appeal regarding the guilt phase jury instructions (Rec. at 29), the Recommendation is modified to add the discussion of the analysis above of Garcia's claims that trial counsel failed to object to the instructions at trial, *see supra* Section IV, B, 1, c, and to an improper statement of the law by the prosecutor. *See supra* Section IV, B, 1, f. Regarding the claim that appellate counsel failed to raise

- 22 -

as error the prosecutor's mischaracterization of evidence (Rec. at 29-30), the Recommendation is modified to note that the underlying complaint concerning trial counsel was withdrawn by Garcia at the *Martinez* hearing on the basis that the prosecutor's argument was not incorrect.  (Tr. at 3-4.) The same failure to object, therefore, could not form the basis for a complaint against appellate counsel for failing to raise it.  The findings and recommendations regarding the claims against appellate counsel are accepted as modified.  Garcia's sixth ground for relief, including all of its claims, is **DISMISSED** as procedurally barred and, in the alternative, is **DENIED** for lack of merit.

## C.  Ineffective Assistance of State Habeas Counsel

In his seventh ground for relief, Garcia complains that state habeas counsel provided ineffective assistance.  (Am. Pet. at 116-27.)  The Magistrate Judge found that the ineffective assistance of state habeas counsel did not constitute an independent ground upon which federal habeas relief may be granted.  (Rec. at 31-32.)  The Magistrate Judge also found that it could not constitute cause to excuse a procedural default of other claims.  (Rec. at 32.)  To the extent that the equitable exception to procedural bar in *Martinez* and *Trevino* altered this rule, the Recommendation is modified by this Order to reflect those changes and to incorporate the discussions of the opportunity afforded Garcia at the *Martinez* hearing to prove his claims that trial counsel provided ineffective assistance.  *See supra* Section IV, B, 1.  The findings and recommendations regarding the claims against state habeas counsel are accepted, as modified by this Order.  Garcia's seventh ground for relief is **DISMISSED** as not cognizable as a separate claim in federal habeas proceedings, and his arguments in support of an exception to procedural bar are **DENIED**.

- 23 -

**V**

The Objections (doc. 45) are **OVERRULED**, the Recommendation (doc. 42) is **ACCEPTED AS MODIFIED** in this Order, and the amended petition for a writ of habeas corpus (doc. 20) is **DENIED**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.  The Court **ADOPTS and INCORPORATES by reference** the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case, **as MODIFIED in this Order**, in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the event he files a notice of appeal, Garcia will be allowed to proceed *in forma pauperis*.

**SO ORDERED.**

Date: May 28, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

- 24 -