UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH C. GARCIA, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 3:06-CV-2185-M |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER
ON POST-JUDGMENT MOTIONS

Petitioner Joseph C. Garcia has filed a Motion under Federal Rules of Civil Procedure 52(b), 59(a), and 59(e), to enter additional or amended findings, grant a new trial, re-open the evidence, and vacate or alter the Court's judgment. (Mot., doc. 106.) Respondent William Stephens has responded in opposition. (Resp., doc. 114.) Garcia has replied to Respondent's opposition. (Reply, doc. 117.) The Court **GRANTS** the Motion under Rule 52(b), to correct a finding regarding one of the reasons for excluding a claim from the hearing of August 14, 2014. The remainder of Garcia's Motion is **DENIED**.

# I

On November 13, 2007, Garcia filed his original petition for federal habeas relief. (Pet., doc. 15.) On that same date, he filed an agreed Motion to Stay and Abate these proceedings to allow for exhaustion of state-court remedies on certain claims. (Agreed Motion, doc. 16.) This was granted (Order, doc. 17), and the state court ultimately determined that these claims were barred by the Texas abuse-of-the-writ rule. *Ex parte Garcia,* No. WR-64,582-02, 2008 WL 650302 (Tex. Crim. App. 2008). Following the return of this case to this Court, the United States Magistrate Judge

recommended that relief be denied, finding that the claims presented in the subsequent state habeas proceeding were procedurally barred. (Rec., doc. 42, at 12-14, 18.) Following the Supreme Court's opinions in *Martinez v. Ryan,* ___ U.S. ____, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler,* ___ U.S. ____, 133 S. Ct. 1911 (2013), this Court granted a hearing on whether any of Garcia's claims would come within the exception to procedural bar created in *Martinez* (the "*Martinez* hearing"), and set certain deadlines, including a deadline to file proposed findings and conclusions. (Order, doc. 66.) Subsequently, the Court limited the claims and evidence to be considered as part of the *Martinez* hearing. (Order, doc. 74.)

Garcia seeks to have this Court vacate its judgment denying relief, enter additional findings, and give him an opportunity to present additional evidence. In support of this Motion, he makes many arguments already rejected by this Court, as well as new arguments along with requested findings different from what he presented before the entry of this Court's judgment. Garcia correctly points out that one reason listed by the Court for excluding a claim from the *Martinez* hearing and denying relief on that claim was incorrect and should be modified. Because none of the other arguments have merit, all of the other requests for relief are denied.

## II

Rule 52(b) of the Federal Rules of Civil Procedure provides that a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). The purpose of a Rule 52(b) motion "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986); *Austin v. Stephens,* No. 4:04-CV-2387, 2013 WL 3456986, at *1 (S.D. Tex. July 8, 2013).

This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits. Except for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record. To do otherwise would defeat the compelling interest in the finality of litigation.

*Fontenot,* 791 F.2d at 1219-20 (citations omitted).

Rule 59(a) of the Federal Rules of Civil Procedures provides that a court may grant a motion for new trial "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." This confers discretion upon the district court to grant a new trial "where it is necessary 'to prevent an injustice.'" *United States v. Flores,* 981 F.2d 231, 237 (5th Cir. 1993) (quoting *Delta Engineering Corp. v. Scott,* 322 F.2d 11, 15–16 (5th Cir.1963)).

Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial. Ultimately the motion invokes the sound discretion of the trial court, and appellate review of its ruling is quite limited.

*Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distributing, Inc. v. Adolph Coors Co.,* 589 F.2d 176, 179 n.3 (5th Cir.1979), and Wright & Miller, Federal Practice & Procedure § 2803, at 31–33 (3d ed.1973)).

Rule 59(e) of the Federal Rules of Civil Procedure allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 450 (1982). It allows reconsideration of a final judgment where a party shows a need to: (1) correct a clear error of law or prevent manifest injustice; (2) present newly discovered evidence; or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.,* 318

- 3 -

F.3d 626, 629 (5th Cir. 2002).  Although district courts have discretion as to whether or not to reopen a case under Rule 59(e), that discretion is not unlimited.  The Fifth Circuit has "identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts.  The task for the district court is to strike the proper balance between these competing interests." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

### III

It is not entirely clear what Garcia relief requests in Section I of his Motion.  He argues that this Court should vacate or amend any merits findings on any claims that were excluded from the *Martinez* hearing.  (Mot. at 4.)  This would appear to include three ineffective assistance of counsel claims (Mot. at 2), such as a claim that had been adjudicated on the merits by the state court.  At the conclusion of this section, however, Garcia requests

> that the Court either (a) vacate its alternative "merits" holding on any claims which were deemed subject to the procedural bar, or (b) grant a new hearing at which Petitioner may present the evidence related to the merits of these claims, even if the merits are only decided as an "alternative" to the procedural holding.

(Mot. at 5.)  Garcia further requests that this Court "clarify whether it intended to decide the merits of those claims that were excluded from the evidentiary hearing or otherwise held to be procedurally barred."  (Mot. at 4.)  The Court gives the broadest interpretation to this request, interpreting it to include all ineffective assistance of counsel claims, and as a request that the Court grant an evidentiary hearing on each claim, clarify, vacate and amend its findings.

The basis for Petitioner's request appears to be that the Court made alternative findings on the merits of claims that were excluded from the evidentiary hearing.  Garcia complains that he

- 4 -

"relied" on the Court's order limiting the scope of the evidentiary hearing, but does not describe any action he took in reliance upon those limitations. In fact, his actions before the Court do not show reliance upon, but rather objections to, these limitations (doc. 72). Respondent's proposed findings included alternative findings and conclusions on the merits. (R's prop. FoF & CoL at 25, 34-35.) If Garcia had been relying upon the limitations in that prior Order, he should have made an objection about that before the Court's findings were made. In his reply, Garcia asserts that the "assurance" in the prior order obviated the need for him to amend or supplement his objections (doc. 117 at 6), but he has not identified any additional objections he withheld in alleged reliance on the Order. Further, Garcia's request misapprehends the basis for the evidentiary hearing that was granted.

In its Orders granting an evidentiary hearing and limiting the scope of such hearing, this Court specified "that it was not conducting a hearing on the merits of any habeas claim. Instead, the hearing was granted on a preliminary procedural matter." (Order, doc. 74, at 1.) That procedural matter was " the determination of whether the exception to procedural bar created in *Martinez* applies to these claims." (Order, doc. 74, at 2 (quoting Order, doc. 66, at 5).) Because that procedural matter included whether any of the ineffective assistance of trial counsel claims subject to procedural bar were "substantial" in that they had any merit, this Court received evidence on that element of the *Martinez* exception. Ultimately, the Court concluded, none of the claims were shown to come within the exception to bar.

To the extent that Garcia argues that he was entitled to an evidentiary hearing on all claims, he is mistaken. On his claim that trial counsel failed to object to the jury instructions on party conspiracy and inferred intent under state law, that claim was adjudicated on the merits by the state court and, thus, was not subject to the procedural bar at issue in the hearing. As the Supreme Court

has held, "evidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster,* ___ U.S. ____, 131 S. Ct. 1388, 1400 (2011).  Therefore, the claim relating to those jury instructions was properly excluded from the evidentiary hearing, and this Court properly based its decision under § 2254(d) on the record that was before the state court.

On his claims that trial counsel failed to object to the excusal of a potential juror for cause and to a change in the jury selection procedure, this Court noted that it:

> [G]ranted the Respondent's motion to exclude this claim from the *Martinez* hearing in light of the record indicating that this venireperson expressed difficulties that would prevent or substantially impair his performance as a juror, and the absence of any specific factual allegations that a biased juror actually served on this jury, that an objection would have prevailed, or that an objection would have preserved a potentially meritorious claim for appeal. (Order Limiting Hearing, doc. 74, at 4-5.)

(Mem. Op., doc. 103, at 10.)  The Court finds that one of the four reasons listed in this Court's opinion as a basis for excluding that claim from the *Martinez* hearing is incorrect.  Garcia was not required to prove that a biased juror actually served on the jury in order to present a *Witherspoon* error.  Thus, that finding is modified to excise that reason from the Court's Opinion.  Garcia has not shown to be incorrect the remaining stated reasons for the Court not allowing Garcia to present evidence on this subject at the *Martinez* hearing, however, and they require that relief be denied on the claim.  Therefore, Garcia was not, and still is not, entitled to an evidentiary hearing on such claims.

To the extent Garcia contends that alternative findings are improper, he is mistaken.  Alternative findings allow a reviewing court to resolve claims, when appropriate, in the event that

the primary basis for the original disposition is found incorrect on appeal.  Such an approach can avoid the waste of time and judicial resources that may result from a remand that is required when no such alternative findings are made.  The United States Court of Appeals for the Fifth Circuit has explained that "alternative findings can often be helpful as they can obviate the need for a remand for further fact finding when the evidentiary basis for a fact is found to be insufficient on appeal." *Palombo v. Cameron Offshore Boats, Inc.,* 108 F.3d 332 (5th Cir. 1997).  This is particularly important in death penalty cases where proceedings are often long and complex.  Because other valid reasons existed for excluding the "biased juror" claim from the hearing, and no valid reason is presented for invalidating the Court's alternative findings, Petitioner's request to invalidate the alternative findings is **DENIED**.

## IV

In Section II of his Motion, Garcia requests that the Court make additional findings regarding his record claims, acknowledging that his position is foreclosed by Circuit precedent and is raised solely to preserve his position for appellate review.  (Mot. at 5.)  Respondent argues that Garcia could have, but did not, make these requests before this Court entered its judgment.  (Resp. at 12-14.)

Garcia requests additional findings on three matters: a jury note, the use of "probability" in the special issues, and the lack of an anti-parties charge.  Regarding the first two matters, Garcia does not identify, and this Court has not found, any briefing before this Court raising such matters prior to judgment, nor does he explain why such matters could not have been raised earlier.

Regarding the lack of an anti-parties charge, this issue was specifically explored in the evidentiary hearing before this Court.  Garcia was invited to present evidence and authority

establishing that he would have been entitled to an anti-parties charge if he had requested it, but no

such evidence or authority was provided.  (Mem. Op. at 17.)  Instead, the evidence was that Garcia

would not have been entitled to a separate anti-parties charge in addition to the special issues that

were given to the jury.  (Tr. 45-4 7, 70-71, 130-31, 141.)  The Court pressed Garcia's counsel at the

hearing about this subject and the argument asserted by Petitioner was not that state law required an

anti-parties charge, but that prior counsel should have nevertheless pressed for it to try to change the

law.

> COUNSEL:        I think the issue boils down to, Your Honor, Special [Issue]
>                 Number 2 exists, and everyone knows that.  And our issue is,
>                 you know, why -- why would they not preserve something via
>                 an objection in the hopes of changing -- trying to change the
>                 case law on that.
>
>                           *   *   *
>
> THE COURT:      It's all speculation about whether the trial court would have
>                 done something different from the law at the time, isn't it?
>
> COUNSEL:        I understand what you're saying.  I do not have additional
>                 case law to offer you.

(Tr. at 152-53.)

Further, Petitioner's newly proposed finding differs from the proposed findings he submitted

on this issue before this Court's judgment.  This Court previously found that in his proposed findings

of fact and conclusions of law, "Garcia concurred in the twenty-fifth of Respondent's proposed

findings, that 'Trial counsel testified that they did not request any further 'anti-parties' charge

because Garcia was not entitled to any further charge.'" (Mem. Op. at 17 n.7 (quoting R's FoF at 11;

P's FoF at 5).)

- 8 -

The additional findings proposed in Section II of Garcia's Motion differ from, and appear in fact to partially contradict, Garcia's briefing, evidence, statements and findings proposed prior to the entry of judgment.  Garcia has not shown that the additional findings are needed to correct manifest errors of law or fact nor that they are otherwise appropriate in light of the record before this Court.  Therefore, the request for additional findings is **DENIED**.

## V

In Section III of his Motion, Garcia complains that this Court improperly excluded his claims of ineffective assistance of appellate counsel from those considered at the *Martinez* hearing.  He argues that this exclusion was based on a "dubious" procedural conclusion that the *Martinez* exception does not apply to claims of ineffective assistance of appellate counsel.  (Mot. at 9.)  He requests that this Court reconsider that procedural ruling and reopen the evidence to allow him to develop further evidence regarding his claims of ineffective assistance of appellate counsel.  "In the alternative, he asks that the Court either (a) vacate any merits finding as to the [ineffective assistance of appellate counsel] claims or (b) re-open the evidentiary hearing (or grant Petitioner a new evidentiary hearing) to present evidence on these claims, which will ensure that even an alternative merits ruling is based on a full evidentiary record."  (Mot. at 10.)  Garcia also asks the Court to enter additional findings and conclusions on the *Martinez* exception to procedural bar (Mot. at 11-12) and on the performance of counsel in his direct appeal.  (Mot. at 15-16.)

Respondent argues that binding Fifth Circuit precedent holds that the *Martinez* exception does not apply to claims of ineffective assistance of appellate counsel.  (Resp. at 14 (citing *Reed v. Stephens,* 739 F.3d 753, 778 n.16 (5th Cir. 2014)).)  Therefore, he argues that this Court's conclusions were correct and that Garcia is not entitled to any additional or amended findings or an

evidentiary hearing on the issue.  (Resp. at 14-15.)  Respondent is correct.  (Mem. Op. at 22.)
Therefore, Petitioner's request to reconsider this procedural ruling and grant an evidentiary hearing
on a claim of ineffective assistance of appellate counsel is **DENIED**.

## VI

In Section IV of his Motion, Garcia requests that this Court enter findings, or alternate
findings, that the performance of his state habeas counsel was deficient.  (Mot. at 16-19.)  He argues
that this Court rejected the exception to procedural bar created in *Martinez* "for reasons completely
independent of state-writ counsel's performance."  (Mot. at 17.)  Respondent counters that Garcia
is not entitled to relief on his claim that state habeas counsel was ineffective (Resp. at 15), and
asserted this Court's holding "that Garcia failed to establish cause and prejudice for the default of
his IATC claims is based on its finding that state habeas counsel's performance could not have been
deficient because Garcia has not identified any substantial IATC claim that was not raised in his state
habeas application."  (Resp. at 16 (citing Mem. Op. at 10, 11, 15, 17, and 22).)  Again, Respondent
is correct.

In *Martinez,* the Supreme Court did not find that ***any*** arguable deficiency by state habeas
counsel would be sufficient to excuse a procedural bar.  Instead, it required that, to be relevant under
*Martinez,* the deficiency must have prevented the exhaustion of a claim that had some merit.  "To
overcome the default, a prisoner must also demonstrate that the underlying
ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner
must demonstrate that the claim has some merit." *Martinez,* 132 S. Ct. at 1318.  The failure to raise
a meritless claim is not deficient.  *See Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) (" Failure
to raise meritless objections is not ineffective lawyering; it is the very opposite."); *Garza v. Stephens,*

- 10 -

738 F.3d 669, 676 (5th Cir. 2013) cert. denied, ___ U.S. ____, 134 S. Ct. 2876 (2014) (agreeing with the district court that "there was no merit to Garza's claim and that therefore habeas counsel was not ineffective in failing to raise the claim at the first state proceeding.").   Because Garcia has not presented a substantial claim of ineffective assistance of trial counsel that state habeas counsel did not present to the state court, state habeas counsel's performance could not have been ineffective for failing to assert such a claim under the standard of *Strickland v. Washington,* 466 U.S. 668 (1984). *See Martinez,* ___ U.S. ____, 132 S.Ct. at 1318 (applying the *Strickland* standard to the review of state habeas counsel's conduct).

Because the requested findings would not correct a manifest error of law or fact,  prevent any injustice, or rectify any mistake, Petitioner's request is **DENIED**.

## VII

In Section V of his Motion, Garcia requests that this Court vacate its findings and enter new findings on his claims that trial counsel was ineffective for failing to object to the exclusion of venireperson Chmurzynski, and that appellate counsel was ineffective for failing to raise the same issue on appeal.  (Mot. at 19-28.)  Specifically, Garcia requests that the Court

> clarify (or otherwise specify) that the findings do not result from a conclusion that:
> (a) Petitioner has failed to show that his trial counsel lacked a reasonable strategic
> motive, (see R&R at 20, n.7), or (b) that the venireperson's demeanor reflected an
> inability or impairment in discharging his duties as a juror.

(Mot. at 19.)  Garcia then requests that amended or additional findings be made and renews his request for a hearing.  (Mot. at 19-21.)

As this Court has previously observed, the record is sufficient to resolve this claim.  At trial, Chmurzynski voiced some support for the death penalty, but when asked whether he could

participate as a juror in making a decision that would result in the imposition of a death penalty, he wavered.  He answered, "I think it would be a difficult thing for me to do."  (13 RR 248.)  Outside of Chmurzynski's presence, the trial court asked counsel whether there were any challenges.

| PROSECUTOR: | We would challenge, Judge, based on his answer . |
| THE COURT: | It will be granted. |
| DEFENSE COUNSEL: | The defense will remain silent. |
| THE COURT: | You may. It will be granted. |

(13 RR 249.)  Having witnessed the venireperson's testimony, Garcia's counsel made a decision to say nothing.

The trial court then brought the venireperson back in and discharged him.  Later, the trial court made the following findings:

> THE COURT: For the record, the Court, sitting higher than the jurors, I have had an opportunity to view the jurors. This juror was extremely nervous. His hands were quivering. In response to the question whether or not he could assess the death penalty, his voice broke.

(13 RR 249.)  Upon this record, the Magistrate Judge alternatively found that the venireperson was excused not because of conscientious scruples against the death penalty but because his "personal difficulty would prevent or substantially impair the performance of his duties as a juror."  (Rec. at 20.)  This Court agreed.  Garcia had not shown that trial counsel's performance in connection with the juror was deficient or that an objection would have prevailed or even preserved a potentially meritorious claim for appeal.  (Mem. Op. at 10 (citing Order Limiting Hearing at 4-5).)

Garcia argues that an additional reason this Court listed in its Memorandum Opinion for excluding this claim from the hearing was inadequate.

As to prejudice: Mr. Garcia respectfully submits that the law does not support the Court's conclusion that he must show a biased juror served on the jury in order to show prejudice. This Court cited two Fifth Circuit cases for this proposition: *Teague v. Scott,* 60 F.3d 1167 (5th Cir. 1995); *Clark v. Collins,* 19 F.3d 959 (5th Cir. 1994). But both of these authorities deal with trial counsel's ineffective failure to remove biased jurors from the pool. *See Teague,* 60 F.3d at 1172–1173; *Clark,* 19 F.3d at 965. The cases do not address trial counsel's ineffective failure to protect jurors from erroneous challenges for cause under *Witherspoon [v. Illinois,* 391 U.S. 510, 513 (1968)].

(Mot. at 26.) Garcia is partially correct. While the Court properly set forth the requirement that Garcia show both deficient performance and prejudice, the Court's reliance upon *Teague* and *Clark* in its Order Limiting the Hearing was misplaced. Although Garcia did not object to the Court's reliance on *Teague* and *Clark* prior to judgment, in the interest of justice the Court concludes it should excise from its opinion that reason for excluding this claim from the *Martinez* hearing and denying the claim on the merits. The record is sufficient to show that the claim lacks merit.

This Court's review of the trial counsel's performance "is 'highly deferential' and this Court must apply a strong presumption that counsel's performance was reasonable or 'might be considered sound trial strategy.'" *United States v. Juarez,* 672 F.3d 381, 386 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at 689). Even if trial counsel's strategy was not clearly established, this Court need not determine the strategy as to why trial counsel did not make a meritless objection. Because Garcia has not shown that his objection would have prevailed or preserved a potentially meritorious claim for appeal, this argument is rejected.

## VIII

In Section VI of his Motion, Garcia again complains of this Court's ruling that his ineffective assistance of appellate counsel claim was procedurally barred and, in the alternative, lacked merit. Counsel presents no authority to counter the binding circuit precedent that the exception to

procedural bar created in *Martinez* does not apply to claims that counsel on direct appeal was ineffective.  There is no basis for this Court to have received evidence on such a claim in the *Martinez* hearing without violating the limitations set out in § 2254(e)(2).

Further, Garcia presents a new version of this claim, arguing that appellate counsel was ineffective for failing to raise the denial of suppression of evidence on the basis of rulings that the trial court made ***in a prior case***, a separate trial of one of Garcia's co-actors "when neither he nor his attorneys were present." (Mot. at 31.)  This rationale for the claim was not presented in Garcia's original petition, amended petition, or objections to the recommendation of the Magistrate Judge. Garcia has provided no reason why this assertion is being raised late and could not have been raised prior to judgment.  The policy interest in finality wis not served by allowing a party to reopen on this basis.  *See Fontenot,* 791 F.2d at 1219-20.

Because Garcia has not identified any newly discovered evidence, intervening law or injustice flowing from this Court's consideration of the issue or any position that this Court's prior ruling on this claim was legally incorrect, this request is denied.

## IX

In Section VII of his Motion, Garcia complains of this Court's determination that his ineffective assistance of trial counsel claim was not substantial.  Specifically, Garcia asks the court to amend its findings on the claim regarding trial counsel allegedly being ineffective for failing to investigate and present mitigating evidence at his trial, or grant a new trial because he disagrees with with the Court's findings and claims trial counsel testified falsely at the *Martinez* hearing.  (Mot. at 32-39.)

Garcia complains of this Court's finding that the qualifications of the experts whom trial counsel obtained to assist in the mitigation investigation and evaluation favorably compared to those upon whom Garcia now relies.  (Mot. at 33.)  In support of his motion to vacate this finding and add additional findings, Garcia asserts the existence of a disagreement between experts. (Mot. at 33-35.)  Such a disagreement between experts does not demonstrate a violation of *Strickland*.  *See, e.g., Fairbank v. Ayers,* 650 F.3d 1243, 1252 (9th Cir. 2011).).

Garcia alleges that trial counsel testified falsely at the *Martinez* hearing about the use of mitigation specialists, but at the *Martinez* hearing does not explain why Petitioner did not cross examine trial counsel about that subject or prove the point at the hearing.  (Tr. at 69.)  Further, even if mitigation specialists were being used differently at the time of the *Martinez* hearing, Garcia has not shown that the mitigation experts relied upon by trial counsel missed information or evidence that would have made a difference at trial.  It is undisputed that Garcia did not reveal the most significant information about mitigation to his attorneys or experts at trial.  (Mem. Op. at 19-20.)  Garcia complains about the process that trial counsel utilized to investigate and present mitigating evidence, but does not show how any missed evidence could have been presented to the jury.

In sum, Garcia has not shown either deficient performance or prejudice, and both are required under *Strickland*.  This request is nothing more than an attempt to redo the evidentiary hearing based on new tardy arguments that fail to establish the claim has merit.

## CONCLUSION

That portion of Garcia's Motion under Federal Rules of Civil Procedure 52(b) requesting that as to Garcia's claim that trial counsel was ineffective for failing to object to the excusal of Chmurzynski for cause, because Garcia had not shown "that a biased juror actually served on this

jury" (doc. 103 at 10) is **MODIFIED** to excise that reason from the reasons given in the Memorandum Opinion and Order. For the reasons described, the remainder of Garcia's motion under Federal Rules of Civil Procedure 52(b), 59(a), and 59(e) is **DENIED**.

      **SO ORDERED.**

Date: October 29, 2015.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**