IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH C. GARCIA,<br> PETITIONER,<br><br>V.<br><br>LORIE DAVIS, DIRECTOR,<br> TEXAS DEPARTMENT OF CRIMINAL<br> JUSTICE CORRECTIONAL<br> INSTITUTIONS DIVISION,<br>  RESPONDENT. | §§§§§§§§§§§ | CASE 3:06-CV-2185-M<br><br>CAPITAL CASE |

# MOTION FOR STAY OF EXECUTION
# PENDING CONSIDERATION AND DISPOSITION OF
# RULE 60(B) MOTION

*Execution date set for December 4, 2018*

Garcia requests that this Court grant him a stay of execution pending the Court's consideration and disposition of his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), filed simultaneously with this Motion. A stay is warranted for the reasons set forth below and those appearing in the accompanying Motion.

In this Circuit, a motion for a stay of execution is analyzed according to the following four factors, known as the *Nken* factors:

1. whether the applicant has made a strong showing that he is likely to succeed on the merits;

2. whether the applicant will be irreparably injured absent a stay;

3. whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

1

      4.      where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations and quotations omitted); *see also In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014) (applying *Nken* factors to motion for stay of execution). Garcia prevails under the *Nken* factors.

     First, Garcia's Rule 60(b) motion sets forth numerous extraordinary circumstances that justify reopening this Court's judgment and succeeding on the merits. Garcia was denied the meaningful assistance of federal habeas counsel guaranteed by 18 U.S.C. § 3599, which caused a defect in the integrity of his federal habeas proceedings. As set forth in more detail in the accompanying motion, the unique and extraordinary circumstances of Garcia's case warrant relief under Rule 60(b). Further, the *Seven Elves* factors[1] that inform this Court's consideration of Garcia's Rule 60(b)(6) motion weigh in favor of granting relief. Finally, Garcia's case is exceptional based on the facts that he has developed since undersigned counsel was appointed to his case in 2015.

     Second, Garcia will be irreparably injured absent a stay. Texas is scheduled to execute Garcia by lethal injection after 6 p.m. on December 4, 2018. Without a stay, Garcia will die. That is the very definition of "irreparable injury."

     The third and fourth factors also favor a stay. *See Nken*, 566 U.S. at 435. No third parties will be injured by a stay. The State of Texas, the other party to this proceeding, shares Garcia's interest in maintaining constitutional integrity in capital proceedings. Finally, the public has a strong interest in ensuring fair criminal proceedings by preventing

---

[1] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (listing factors).

executions that violate the constitution, thereby preserving the integrity and legitimacy of federal decision-making. Accordingly, public interest lies in granting Garcia's motion to stay his execution.

## CONCLUSION AND PRAYER FOR RELIEF

Garcia asks that the Court grant his motion, stay his execution, and grant any other relief that the Court may find just.

Respectfully submitted this 30th day of November, 2018

          Jon M. Sands
          Federal Public Defender
          District of Arizona

          Jessica M. Salyers
          Mridula Raman

          s/ Jessica M. Salyers
          Assistant Federal Public Defender
          Federal Public Defenders Office,
          District of Arizona
          850 West Adams St., Suite 201
          Phoenix, AZ 85007
          602-382-2816 voice
          602-889-3960 facsimile
          Arizona Bar No. 032702
          jessica_salyers@fd.org

## CERTIFICATE OF SERVICE

On November 30, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Jacci Lastra
Assistant Paralegal

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 30, 2018, undersigned counsel of record for Mr. Garcia communicated with Jefferson Clendenin, counsel for the Directory, who stated the Director is opposed to the motion.

/s/ Jessica M. Salyers
Assistant Federal Public Defender